Reeve et al. v. Jackson.

REEVE ET AL. V. JACKSON.

1. PLEADING AND PRACTICE: *Defenses, how and where made.*
A defendant can not now, as under the former practice, let judgment go against him at law upon a legal liability and then enjoin it in equity upon an equitable defense which was known before the judgment. He must make all his defenses, legal and equitable, in the action at law, and, if necessary, transfer the cause to the equity docket.

APPEAL from *Pulaski* Chancery Court.
Hon. DAVID W. CARROLL, Chancellor.

*W. G. Whipple* for appellants.

The appellee in this suit seeks to litigate over again the *very same issues* decided in the ejectment suit. The cause' is *res judicata.*

The sale *in solido* was for the best interests of the estate; it was regular, legal and fair, and no fraud or undue advantage is shown. Fraud must be specifically alleged and proved. *34 Ark., 71; 44 ib., Adams & Thomas; 41 ib., 378.* Unless fraud is shown in the probate proceedings, the decree should be reversed. *39 Ark., 256; 42 ib., 136; Adams v. Thomas. 44 ib.; Greely B. Gro. Co. v. Graves, 44 ib.*

*R. A. Howard* for appellee.

SMITH, J. This bill was filed to enjoin the execution of a judgment rendered by the Pulaski circuit court, in an action between the same parties, and afterwards affirmed by this court. See *Jackson v. Reeve, 44 Ark., 496.* A general demurrer to the bill was overruled, and upon the hearing the decree was for the plaintiff.

The demurrer should have been sustained.  *Section 4932* of *Mansfield's Digest* provides that "a judgment obtained in an action by proceedings at law shall not be annulled or modified by any order in any action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered." This is a plain provision of the code.  It precludes the defendant in a judgment, when the alleged matters of defense were within his knowledge at the time the judgment was rendered, from bringing a separate suit in equity to obtain relief against the judgment; thus abrogating the old chancery method which was recognized in *Hempstead & Conway v. Watkins, 6 Ark., 317*, and many subsequent cases in our reports.  Such is the construction placed by the court of appeals of Kentucky upon the same provision in their code.  *Chinn v. Mitchell, 2 Metc., 92; Ross v. Ross, 3 ib., 274; Moss v. Rowland's ex'r, 1 Duval, 321; McCown v. Macklin's ex'r, 7 Bush, 308; Emmerson's admr. v. Hevriford, 8 ib., 229.*

Under the present system of procedure, " the defendant may set forth in his answer as many grounds of defense, counter-claim or set-off, whether legal or equitable, as he shall have." *Mansfield's Digest, sec. 1503.* " Under the head of equitable defenses are included all matters which before would have authorized an application to the court of chancery for relief against a legal liability, but which at law could not have been pleaded in bar." *Dobson v. Pearce, 12 N. Y., 156.* And for the trial of equitable issues the cause may, upon motion, be transferred to the appropriate docket, to be there heard as a chancery cause.  Provision is also made for bringing in all necessary new parties and for filing cross-complaints against co-defendants and others. *Mansfield's Digest, secs. 929, 945-6, 5040.*

18–46

*[Margin note: 1. PLEADING AND PRACTICE: Equitable defenses where made.]*

The effect of all this is practically to modify and, to a certain extent, render obselete the ancient jurisdiction of equity over proceedings at law. A defendant who has an equitable defense to an action being now authorized to interpose it by answer, is bound to do so. The purpose is to compel parties to litigate the whole controversy between them in one action. This is the rule; and if there are any exceptions to it they will be found to be few in number and to stand upon special circumstances. *3 Pomeroy Eq. Jur., sec. 1368, et seq.; Erie Ry. v. Ramsey, 45 N. Y., 637; Winfield v. Bacon, 24 Barb., 154.*

The former action was ejectment, Reeve claiming the premises under a purchase at administrator's sale, and Jackson claiming as devisee by the will of the deceased owner. Jackson filed an answer, which he prayed might be taken as a cross-bill, containing substantially the same allegations that are set forth in the present bill. He moved a transfer of the case to the chancery court, and demanded affirmative relief, to the extent of vacating all the proceedings had in the administration of the estate, and of perpetually enjoining Reeve from prosecuting an action of ejectment for the premises. The motion to transfer was denied; and this court, on appeal, said that the answer tendered no issues which required to be tried in a court of equity. After the determination of the case in the circuit court, Jackson seeks to reopen the litigation by filing the present bill. There is no suggestion that he was deprived of his defense to the action at law by surprise, accident, mistake, casualty, misfortune or fraud; nor that he was ignorant of the important facts material to his defense. On the contrary, he had interposed the very same defense in the ejectment suit, and it had been disregarded; not because it was exclusively cognizable in equity; for, under the code, that is no reason at all for not entertaining

an equitable plea; but because, in the opinion of the court, it was not a substantial defense. A court of equity does not sit as a court of errors upon the proceedings of the courts of common law.

This decision does not contradict *Stewart v. Pace, 30 Ark., 594;* for there the plaintiff in the injunction suit was not a party to the legal proceeding; nor *Ryan v. Boyd, 33 ib., 778,* for in that case the defendant was not served with process, and this constitutes an exception to the rule.. But the remark of Mr. Justice Walker, in *Earle v. Hale, 31 Ark., 473,* recognizing the old rule that a defendant, claiming to have an equitable defense, must first submit to judgment and then go into chancery to restrain the enforcement of the judgment, is misleading.

The decree is reversed and the bill dismissed.