## WARD v. DERRICK.

Opinion delivered April 8, 1893.

*Injunction—Judgment at law.*

> It is not permissible to resort to chancery to obtain relief from a judgment at law upon the ground of fraud or mistake where it does not appear that such relief could not, by the exercise of proper diligence, have been had in the original suit.

Appeal from Lee Circuit Court in Chancery.

GRANT GREEN, JR., Judge.

*H. N. Hutton* and *N. W. Norton* for appellant.

1. The allegations of the complaint make a case of fraud—and certainly a case of mutual mistake—entitling appellants to relief in equity. 13 Ark. 129; 15 Ark. 489; 11 Sup. Ct. Rep. 972; 17 Ark. 512; 48 Ark, 535.

2. Appellants are not cut off by sec. 4932, Mansf. Dig. They did not know of their predicament until about the close of the term, and until after judgments were rendered; and further the section should only be binding on those who have a right to defend and are required to do so under the rules of pleading. The sureties on an attachment bond have no general right to defend; and the right to affirmative relief claimed is based on discoveries made after the judgments.

3. Under provisions similar to subd. 4, sec. 5033, Mansf. Dig., it is held in some States that defendant must plead all his defenses or lose the right; while in others the rule is to the contrary. 2 Black, Judg. sec. 766; 6 Cal. 452. But the sureties, in jurisdictions where a defendant must plead all defenses, would not be dismissed because of having made the motion to vacate. They were not defendants in the sense that they must or' could answer. The motion to vacate was on the sole ground of *non est factum.* Nothing else was up for consideration. Overruling a motion does not estop one from proceeding in a more formal way; in any event does not bar him from proceeding anew on different facts. 2 Black, Judg. secs. 691–2; Freeman, Judg. secs. 325–6 and 511; 1 Pac. Rep. 572; 55 Ark. 292.

*McCulloch & McCulloch* and *James P. Brown* for appellees.

1. Appellants should have set up all their grounds of defense and for relief, legal or equitable, in the court where the cause was tried before the term lapsed. It was too late after the term elapsed. Pom. Eq. Jur. sec. 1361, 1364, and notes; 2 Black, Judg. secs. 361, 368, 378, 387; High on Inj. secs. 113–116, 165–7, and note; Story, Eq. Jur. secs. 887–8, 894–6.

2. A party having an opportunity to defend must make all his defenses, and what is not made is waived.

14 Ark. 217; 6 *id*. 317; 16 *id*. 114; 48 Ark. 510; 50 *id*. 458.

3. Mansf. Dig. sec. 4932 is the law of this case.

HUGHES, J. This is an appeal from a decree sustaining a demurrer to a complaint in equity. The complaint sets out that the plaintiffs had applied to the circuit court, on the law side, to set aside certain judgments rendered against them upon a bond executed to discharge attachments levied upon property of J. C. Ward, a part of which had been claimed by L. Ward upon an interplea, who had given an interpleader's bond for the same; that their application was made at the term of the court when the judgments were rendered; that the defense they proposed to make against the bond was "*non est factum*," which they set up in their motion to set aside the judgments. The court without objection heard evidence upon the plea of *non est factum*, and found against the appellants, and refused to set aside the judgments. There was no appeal from the court's judgment upon the motion to set aside the judgments upon the bond. The appellants, after the term of the court had passed at which these judgments were rendered, filed their complaint in equity to have them set aside, and prayed that the bond on which they were rendered be cancelled, on the ground that its execution was procured by fraud, or that it was executed through the mutual mistake of the officer and themselves. It is not stated in the complaint that this was not known to them when they filed their motion to set aside the judgments, nor does the complaint show that the appellants were prevented, without fault or lack of diligence upon their part, from making this defense before the lapse of the term at which the judgments were rendered.

Section 5033, subd. 4, of Mansfield's Digest provides that "the defendant may set forth in his answer, as many grounds of defense, counter-claim and set-

off, whether legal or equitable, as he shall have." The circuit court which rendered the judgments upon the bond had the power to set aside these judgments at any time before the lapse of the term at which they were rendered. They could have been set aside only by the court that rendered them, upon the showing made by the appellants in their complaint. They were obliged to go to that court with their application to set them aside and to set out in their application their whole defense, or be held to have waived such defenses as they failed to set out. If the court committed error in refusing to set aside the judgments upon their application, it was error to be corrected by appeal to this court. They had no right to bring a separate action in chancery, to obtain relief they might have had in the original suit by making full defense, or proposing to do so, in their application to set aside the judgments. Bliss on Code Pleading, sec. 347.

The chancery court could not review the action of the circuit court.

Affirmed.