MOORE *v.* McCLOY.

Opinion delivered June 21, 1902.

ACTION AT LAW—EQUITABLE DEFENSE.—Under Sand. & H. Dig., § 5722, providing that "the defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have," a defendant in an action at law must interpose all of his defenses, equitable as well as legal, and cannot let judgment go against him and then go into equity and seek to enjoin the judgment and set up an equitable defense which he might have made in the suit at law.

Appeal from Cleveland Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

The appellant rented land to one Craig, with the privilege to Craig to purchase at a price named. Craig in 1894 executed to McCloy & Trotter a mortgage on his crops for that year. That rent was due for said year to Moore, the appellant. Craig turned over to Moore, the appellant, five bales of cotton on the rent of 1894, of the value of $115, and to McCloy & Trotter, eight bales of cotton of the crop of 1894. Plaintiff sold the five bales of cotton delivered to him for $115, which was all ever paid on Craig's note to him for $300 then due Moore as purchase money for the land. McCloy & Trotter brought replevin for the five bales of cotton delivered to Moore, claiming the right of possession of same under their mortgage. They recovered judgment in justice of the peace court. There was an appeal to the circuit court, and McCloy & Trotter again recovered judgment for the cotton, or its value, $115. The case was appealed to the supreme court, and the judgment of the circuit court was affirmed. On this judgment execution issued, and came to the hands of Sheriff Renfrow.

The object of this suit is to restrain the sheriff, Renfrow, from levying said execution, and to have an equitable lien declared in favor of Moore, the appellant, on said five bales of cotton for rent, superior and paramount to the mortgage lien of McCloy & Trotter on said cotton, and that the proceeds of sale of said cotton be turned over to him.

A demurrer was sustained to appellant's complaint for the want of equity, and the complaint was dismissed, and he appealed to this court.

*W. S. Amis* and *D. H. Rousseau,* for appellant.

The court erred in sustaining the demurrer. Sand. & H. Dig., §§ 5717, 5635. Appellees could not maintain replevin for the cotton, without first paying rent. 45 Ark. 447. The justice had no jurisdiction, and the circuit court could have none on appeal. 44 Ark. 377; 55 Ark. 101. A defendant must interpose all defenses, legal as well as equitable. Sand. & H. Dig., § 5722; 46 Ark. 272; 3 Pom. Eq. § 1368; 57 Ark. 500; Sand. & H. Dig., § 5622. Accident, fraud or surprise is not within the rule. 35 Ark. 123; 50 Ark. 458. The plaintiff had a vendor's lien. 1 Jones, Mort. 239. The motion to dismiss was not a demurrer. Story, Eq. Pl. §§ 472-485.

*McCaskill & Cherry,* for appellees.

Appellant's action is barred. Sand. & H. Dig., § 5622; 46 Ark. 272. An action of this kind should be watched with extreme jealousy. 46 Ark. 272. The enforcement of this judgment cannot be restrained. 16 Am. & Eng. Enc. Law (2d Ed.), 374. The claim for the cotton should have been set up in the former suit. Sand. & H. Dig., § 5722; 55 Ark. 500; 21 Am. & Eng. Enc. Law, 128. Rules in justices' courts are the same as in circuit courts. Sand. & H. Dig., § 4420; 44 Ark. 377; 55 Ark. 101.

HUGHES, J., (after stating the facts.) The appellant did not set up his defense in the replevin suit, and there was nothing shown that would have prevented him from doing it. It was a legal defense, and there is no reason for suing in equity. He became the owner of the five bales of cotton by delivery to him by Craig, and nothing could have prevented him from pleading this in defense to the replevin suit. Under Sand. &. H. Dig., § 5722, a party to an action at law must interpose all of his defenses, legal as well as equitable, and cannot let judgment go against him, and then go into equity and seek to enjoin the judgment and set up an equitable defense which he might have made in the suit at law. *Ward* v. *Derrick,* 57 Ark. 500.

Affirmed.

BUNN, C. J., and BATTLE, J., not participating.