DANIEL v. GARNER.

Opinion delivered October 10, 1903.

1. DEED OF TRUST—ORAL APPOINTMENT OF SUBSTITUTED TRUSTEE.—As land can be conveyed only by deed in writing, a deed of conveyance of a substituted trustee under a deed of trust whose appointment was verbal is void. (Page 486.)

2. MORTGAGEE IN POSSESSION—RIGHT OF MORTGAGOR TO RECOVER.—A mortgagor or his assigns cannot maintain a suit to recover possession of the mortgaged premises from the mortgagee until the debt is paid. (Page 487.)

3. TRUSTEE'S SALE—VALIDITY.—Where a sale by a substituted trustee was in accordance with law and the terms of the trust deed, it vested in the purchaser an equitable title upon payment of the purchase money, although the trustee's deed was void because the appointment of such trustee was not in writing. (Page 487.)

4. PLEADING—EQUITABLE DEFENSES.—A defendant, when sued at law, must make all the defenses he has, both legal and equitable, and, if any of them are exclusively cognizable in equity, he is entitled to a transfer to equity. (Page 487.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

H. F. Roleson, for appellant.

The right to foreclose a mortgage is created by the power contained in the instrument. 55 Ark. 227; 109 Ill. 442. The substituted trustee may act. 2 Jones, Mortg., 1774; 26 Am. & Eng. Enc. Law, 887. The power to appoint a new trustee can only be given by the author of the trust. 1 Perry, Trusts, 287; 48 S. W. 127. Unless the trust deed requires it, the reason for the substitution need not be given. 26 Am. & Eng. Enc. Law, 889; 125 Ill. 474; 53 Ark. 185.

McCulloch & McCulloch, for appellees.

The statute requiring that a power to convey real estate must be recorded, it must of course be in writing. Sand. & H. Dig., §§ 718, 3480; 22 Ark. 136; 41 Ark. 363; 45 Ark. 309; 2 Kent, 615; Browne, St. Frauds, §§ 14, 15; 1 Am. & Eng. Enc. Law, 952; 67 Ala. 336; 40 Mo. 69; 1 Holt, 141; 9 Wend. 68; 5 T. B. Mon., 184; 29 Me. 148; 17 Ill. 433; 84 Ill. 263. The appointment not being in writing, the sale was void. 55 Ark. 326.

BATTLE, J. Walter Garner and Sarah B. Whittle commenced an action at law against George B. Daniel to recover possession of certain land described in their complaint. They allege that Sarah E. Whittle was their mother, and the owner of the land, and died in possession; that she died intestate, and they are her only heirs, at law.

The defendant answered, denying that the plaintiffs are the owners, or entitled to the possession, of the land, and alleging, in part, as follows: "That on the 8th day of June, 1893, Mrs. Sarah Whittle, the mother of complainants, and her husband, J. G. Whittle, who is the father of the plaintiff Sarah B. Whittle and the stepfather of plaintiff Walter Garner, executed a certain deed of trust, conveying said lands to one C. C. Currier, as trustee, to secure a debt due to Mrs. Jean Crawford Bingham, which said deed of trust was duly recorded in the office of the recorder of Lee county, Arkansas. * * *

"That afterwards, on the ...... day of ......, 1894, said trust deed and the debt secured thereby were by proper indorsements transferred to the defendant, G. B. Daniel, for a valuable consideration, and he became the holder thereof.

"That the debt secured by said trust- deed was not paid at maturity, and has never been paid. That, under the provisions of said deed of trust, the holder of the debt secured thereby, in case of the death, absence from the state of Arkansas, refusal or inability to act of said C. C. Currier, was authorized to appoint a trustee in his stead to make sale of said lands, and to carry into effect the power created by said trust deed. And defendant says that said C. C. Currier was a non-resident of Arkansas, and was actually absent from the state of Arkansas, and the defendant, being the legal holder of the debt secured by said trust deed, did, on the ...... day of March, 1900, appoint one G. W. Slaughter as trustee to carry out and enforce said trust (such appointment

being made verbally and not in writing) by making sale of said land as provided by its terms.

"And on the 7th day of April, 1900, the debt secured by said trust deed being still unpaid, the said G. W. Slaughter, in pursuance of his appointment and at the request of defendant, did proceed to make sale of the said land at public outcry to the highest bidder for cash at the courthouse door in Marianna, Lee county, Arkansas, the said G. W. Slaughter having first given notice of and advertised said sale in strict compliance with the terms of said trust deed, and having had the same duly appraised as provided by law; and at such sale so made the defendant, G. B. Daniel, bid and offered the sum of six hundred and sixty seven dollars for said lands, and was declared to be the purchaser thereof, such bid being the highest and best bid, and being more than two-thirds of the appraised value of said lands.

"And defendant says that he has fully paid and satisfied said bid, and the said G. W. Slaughter, on the ...... day of ......, 1900, executed his deed conveying said lands to defendant."

The plaintiffs filed a demurrer to the answer, which the court sustained, and the defendant appealed.

Appellees, Garner and Whittle, contend that the sale made under the deed of trust was void, because the appointment of Slaughter, who made it as trustee, was not in writing. This is not true. The sale was not void. But the deed executed by Slaughter was, he not having authority in writing to execute it. As the land could have been conveyed only by deed, the power of the trustee who made the sale to convey it should have been in writing—should have been created by an instrument of as high a dignity as the conveyance to be made. *Johnson* v. *Dodge,* 17 Ill. 433; *Watson* v. *Sherman,* 84 Ill. 263; Browne, Statute of Frauds (5th ed.), §§ 14, 15; 2 Kent, Com. (13th ed.), marginal page 614; 2 Jones on Mortgages (5th ed.), § 1889.

Formerly the law required the instrument in writing to be made under seal, because the title to the land could be conveyed only by such an instrument. But the constitution of 1874 provides that, "until otherwise provided by law, no distinction shall exist between sealed and unsealed instruments, concerning contracts between individuals executed since the adoption of the constitution of 1868." Schedule, sec. 1. If this be applicable to conveyances of real estate, it did not repeal or modify the law in force at its adoption, except as to the seal.

Appellant states in his answer that the debt secured by the deed of trust has never been paid, and that he is holding under the trustee, or deed of trust. This being true, an action for the possession of the land can not be maintained against him until the debt is paid. *Wells* v. *Rice,* 34 Ark. 346.

The appellant shows in his answer that he has an equitable title to the land in controversy. The deed of trust in question having been executed for the sole purpose of securing a debt, it is, in legal effect, a mortgage. *Turner* v. *Watkins,* 31 Ark. 429. The person appointed a trustee to make the sale according to its terms was authorized to sell the land, although his appointment was not in writing. If the sale was in accordance with law and the deed of trust, it vested in the purchaser an equitable title, upon payment of the purchase money, although no deed was made. *Watson* v. *Sherman,* 84 Ill. 263; 2 Jones, Mortgages (5th ed.), §§ 1861, 1889, and cases cited.

Under the statutes of this state a defendant, when sued at law, must make all the defenses he has, both legal and equitable. If any of his defenses are exclusively cognizable in equity, he is entitled to have them tried as in equitable proceedings, and for this purpose to a transfer of the cause to the equity docket or chancery court, as the case may be. Sandels & Hill's Digest, § 5619; *Horsley* v. *Hilburn,* 44 Ark. 458; *Reeve* v. *Jackson,* 46 Ark. 272; Acts Extra Session, 1897, page 92, § 9.

The defense made in this case is both legal and equitable, which, maintained, is sufficient to defeat the action. The demurrer should have been overruled.

Reversed and remanded, with instructions to the court to overrule the demurrer.