## GORMAN v. BONNER.

### Opinion delivered October 22, 1906.

1.  EQUITY—RELIEF AGAINST JUDGMENT AT LAW.—Under the Code a defendant can not permit judgment to go against him upon a legal liability, and then enjoin the judgment in equity upon equitable grounds known before the judgment at law was rendered; the statute (Kirby's Digest, § 6098) requiring that he shall plead all matters of defense that he may have, whether legal or equitable. (Page 343.)

2.  SAME.—A judgment of the circuit court against an administrator and his bondsmen will not be enjoined in equity on the ground that it was based on a void or fraudulent probate judgment, as that was matter of defense which might have been pleaded in the circuit court. (Page 344.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

In 1893 L. P. Featherston was ·by the probate court of St. Francis County appointed administrator of the estate of Mary A. Cole, deceased. He gave bond and qualified, and took charge of the estate as administrator. E Bonner and certain other residents of St. Francis County became sureties on his bond. Before making his final settlement as administrator, Featherston removed to Texas, and Henry P. Gorman was appointed administrator in succession. Afterwards the probate court of St. Francis County

made a final settlement of the accounts of Featherston as administrator of the Cole estate, and, after setting out the sums with which he was charged and those with which he was credited, found that he was due the estate the sum of $991.28, and ordered him to pay over that sum to Gorman, the administrator in succession. This judgment of the probate court recites that Featherston, as well as his sureties, E. Bonner and W. H. Coffey, appeared by attorney.

Afterwards Featherston undertook to appeal from this judgment to the circuit court, but the appeal was dismissed on motion of the plaintiff on account of some informality in the proceedings.

Gorman, the administrator in succession, then brought an action against the bondsmen in the St. Francis Circuit Court to recover the amount found due by the probate court which Featherston had failed to pay over to his successor in office as required by the judgment. The sureties, E. Bonner and W. H. Coffey, appeared and filed an answer and counterclaim in which they set up that the probate court in the final settlement with Featherston charged him as administrator with $1,000 as proceeds of the sale of the residence property of Mrs. Cole, whereas the defendants alleged that this property was not sold by Featherston as administrator or under the order of the probate court, but was sold by him as agent of the heirs of Mrs. Cole; that the probate court had no right or authority to charge Featherston with that sum; and that it was a fraud on the defendants to make such charge. They further alleged that with such charge eliminated Featherston would owe the estate nothing. They prayed that the cause be transferred to the chancery court, and that the judgment of the probate court be set aside, and defendants be granted all proper relief.

This counterclaim of the defendants alleged that Featherston was insolvent, and that neither he nor either of his sureties was present when the probate court made the final settlement of the accounts of Featherston as administrator, but it is not alleged that Featherston was not duly notified that the settlement would be made, nor does it deny that he and his sureties were represented in the probate court by an attorney, as the judgment of the probate court recites.

For this or some other reason the circuit court sustained a

demurrer to the answer and counterclaim, and, defendants failing to amend or plead further, judgment was rendered against the bondsmen for the amount adjudged by the probate court to be due by Featherston. · On appeal the judgment was affirmed by the Supreme Court, probably for the reason that, as the judgment of the probate court recited that Featherston and his sureties appeared before it by attorney, they had an ample remedy by appeal.

Afterwards E. Bonner, one of the sureties against whom this judgment was rendered by the circuit court, brought this action in the St. Francis Chancery Court to enjoin the judgment rendered against him by the circuit court, on the ground that it was based on a judgment of the probate court which it had obtained by fraud.

Gorman, the administrator in succession, and the other defendants appeared and filed a demurrer to the complaint, which was overruled. They then filed an answer. On the hearing the chancellor found, among other things, that the sale of the residence property of Mrs. Cole, for proceeds of which Featherston as administrator of her estate was charged by the probate court $1,000, was made by the heirs of his estate and at a time when the funds in the hands of the administrator belonging to the estate were largely in excess of the debts of the estate; "that the acts of Featherston in relation to the sale of said residence property were not done in his capacity as administrator of said estate, and that his bondsmen are in no sense liable therefor; and that the order of the probate court of St. Francis County of January 29, 1900, wherein Featherston as administrator was charged with the proceeds of said residence property, amounting to $1,000, was void as to that item and charge, and to that extent was a fraud upon the rights of the plaintiffs herein.

The court further finds that H. P. Gorman was the administrator in succession of the estate of Mrs. Cole, and as such administrator he had recovered judgment in the circuit court against the plaintiff Bonner as one of the sureties on the bond of Featherston for the amount found due by the probate court; that this judgment had been affirmed by the Supreme Court, and was about to be enforced; and that plaintiff Bonner had no adequate remedy except in a court of chancery.

He therefore entered a decree enjoining Gorman, administrator, or the heirs from attempting to enforce such judgment of the circuit court.  Gorman and the heirs appealed.

*John Gatling,* for appellants.

Equity will not interfere to set aside a judgment on the ground of fraud, unless the fraud is clearly stated and proved. 1 Black on Judgments (2 Ed.), 583; 3 A. K. Marsh. (Ky.), 352. Before one is entitled to equitable relief against a judgment, he must allege and prove that he has a good defense on the merits. 110 U. S. 183.  And that but for the fraud alleged there would have been no judgment.  42 N. J. Eq. 573; 8 Atl. 811; 1 Black on Judgments (2 Ed.), 584.

*R. J. Williams* and *J. R. Beasley,* for appellee.

1.  The judgment of the probate court of January 29, 1900, the basis of the judgment enjoined in this action, was void.  The lots 5 and 6, in block 11, with the proceeds of sale of which the administrator was charged, were not described in the petition, nor in the order of the court directing the sale.  55 Ark. 562. It is also void because it goes behind the confirmed settlement of April 30, 1894, and, charging the administrator with the debits named in that settlement, disallows credits that were allowed therein.  It had no such power.  70 Ark. 88.  Except on the order of the probate court, an administrator has no power over real estate or its proceeds.  Redfield, Surrogate's Courts, 503. He has no control of his intestate's lands when not needed for the payment of his debts.  46 Ark. 373.

2.  The probate court has no power to render and enforce a judgment against the administrator for an individual liability. 62 Ark. 227.  Nor any jurisdiction over the estates of decedents beyond the limits fixed by statute.  33 Ark. 42.  If a court transcends its jurisdiction, its judgments will be void.  55 Ark. 562; 9 How. 336.  Want of jurisdiction may be shown either as to the subject-matter or the person or, in proceeding *in rem,* as to the thing.  18 Wall. 457.

3.  The settlement of administrator's accounts will be reopened in equity to let in defenses.  57 Ark. 352.  A surety may show that a judgment against his principal was obtained by

fraud or collusion, or that the court had no jurisdiction to render the judgment. 12 Am. & Eng. Enc. Law, 99, 100. Constructive fraud is sufficient to invalidate an order of the probate court in the settlement of an administrator's account. 40 Ark. 402. See, also, 48 Ark. 547.

RIDDICK, J., (after stating the facts.) This is an appeal by H. P. Gorman, administrator in succession and the heirs of Mary A. Cole, from a judgment of the chancery court enjoining them from enforcing a judgment of the circuit court which the administrator had recovered against E. Bonner and W. H. Coffey, bondsmen of L. P. Featherston, the first administrator of that estate.

The chancellor found that in the final settlement which the probate court made of the accounts of L. P. Featherston as such administrator the probate court charged him with $1,000 as the proceeds of the sale of the residence property of Mrs. Cole, when the fact was that Featherston did not sell such property as administrator or under an order of the probate court, but sold it as the agent of the heirs of that estate who were the owners of it. The chancellor found that this judgment of the probate court charging Featherston with the proceeds of such sale was there-fore void and in law fraudulent as to the bondsmen of Featherston. But it does not follow, because the judgment in the circuit court was based on a void or fraudulent judgment of the probate court, that it is also either void or fraudulent. When these parties were sued in the circuit court, they should have set up any defense they had against such action, whether the same was legal or equitable. If the judgment of the probate court was fraudulent or void, that could have been alleged.

A defendant can not, under the Code system of procedure, let judgment go against him at law upon a legal liability, and then enjoin the judgment in equity upon equitable grounds which were known before the judgment at law. The effect of the Code procedure has modified, and to a large extent rendered obsolete, the ancient jurisdiction of equity over judgments at law. The rule now is that parties must litigate the whole controversy in one action, and a defendant who has an equitable defense to an action at law is not now without a remedy against such action, for he can interpose such defense by answer or counterclaim, and,

if necessary, have the case transferred to the chancery court. Kirby's Digest, § 6098. If he fails to do this, and allows judgment at law to go against him, he may find that his defenses have been cut off by such judgment, and that he is without a remedy, either in law or equity. *Reeve* v. *Jackson*, 46 Ark. 272; *Ward* v. *Derrick*, 57 Ark. 500; *Moore* v. *McCloy*, 70 Ark. 505; *Daniel* v. *Garner*, 71 Ark. 484.

It is true that Bonner, the plaintiff in this action to enjoin the judgment at law against him, did undertake to set up the same matters on which he bases his right to relief here as a defense to the legal action. He undertook to show that the probate court had improperly charged Featherston as administrator $1,000 as proceeds of land which he did not sell as administrator, but there was no allegation in the answer that Featherston did not have due notice of this proceeding in the probate court. The judgment of the probate court recited that he appeared by his attorney, while the answer of Bonner simply alleged that neither he nor his bondsmen were present at the time the probate court made the settlement. This did not show that he was not duly served with notice, or that the recital that he appeared by attorney was not true. If he appeared by attorney, he had a plain remedy by appeal, and on that or some other ground a demurrer was sustained to the answer and counterclaim of the sureties alleging that the judgment of the probate court was void as to them. They pleaded no further, and final judgment went against them at law.

Counsel for appellants have labored to show that the judgment of the probate court was substantially correct, by reason of the fact that the court, while it made improper charge against the administrator, also allowed him improper credits. But that is now immaterial, for it was settled by the judgment of the circuit court which was based on this order of the probate court. That judgment at law was rendered by a court of competent jurisdiction against parties who had been duly summoned and who appeared and made defense. If there were errors in that proceeding, a court of equity has no power to correct them, for such courts do not sit as courts of review upon the proceedings of the courts of common law. *Reeve* v. *Jackson*, 46 Ark. 272.

It is not alleged or shown that there was any fraud in the

procurement of the judgment at law, and we see no valid reason why it should be enjoined. The judgment of the chancery court to that effect will be reversed, with an order entered to dismiss the complaint for want of equity.