## Automatic Weighing Company *v.* Carter.

### Opinion delivered May 9, 1910.

1. Mandamus—requiring court to hear case.—The writ of mandamus to compel the circuit judge to proceed to hear a cause will not be issued until the petitioner has exhausted all other available means to obtain the enforcement of his rights. (Page 120.)

2. Pleading—duty of defendant to interpose defense.—It is the duty of the defendant in an action at law to interpose all defenses that it has to the action, whether legal or equitable; and, if equitable, to ask that the cause be transferred to the equity court. (Page 121.)

3. Mandamus—compelling court to hear cause.—A writ of mandamus will not be issued by this court to compel the circuit court to try a cause which was brought to that court and by it transferred to the court of equity, until the latter court refuses to take cognizance of the case. (Page 122.)

Original Petition for Mandamus; writ denied.

*Shaver,* 91 Ark. 231. A corporation having no authority to Petitioner is entitled to the writ requested. *Gilbert* v. *John H. Crawford,* for petitioner.

insure may be held liable on a contract by which it obligates itself to insure. 74 Ark. 377; 160 U. S. 515; 69 L. R. A. 856; 35 Miss. 618; 72 Am. Dec. 143. Equity follows the law, and will neither make a contract for the parties, nor permit one of them to violate a contract which they have freely and advisedly entered into. 14 Ark. 315; 56 Ark. 405; 57 Ark. 168; 73 Ark. 432; 83 Ark. 144; *Id.* 364; 87 Ark. 52; *Id.* 545; 40 Ore. 339; 56 L. R. A. 160.

*McMillan & McMillan,* for respondent.

If the order of the court is erroneous, it could be corrected on appeal. 74 Ark. 354; 88 Ark. 161. The judicial discretion of inferior courts can not be controlled by mandamus. 84 Ark. 159; 25 Ark. 614; 44 Ark. 320; High's Ex. Rem., § 173; 209 U. S. 436. The sum mentioned in the contract should be treated as a penalty, and not as liquidated damages. 57 Ark. 175; 73 Ark. 435; 38 Ark. 557. Fraud gives equity jurisdiction. 33 Ark. 425. The remedy at law must be plain, direct and complete in order to defeat the jurisdiction of equity. 4 Ark. 302; 8 Ark. 57; 1 Ark. 197; 76 Ark. 497.

FRAUENTHAL, J. This is an original action instituted in this court for a mandamus to the circuit court of Clark County, in the nature of a writ of procedendo, to compel that court to assume jurisdiction of a cause, which was brought in that court, and to try and determine the same. The Automatic Weighing Machine Company, the petitioner herein, instituted a suit in the Clark Circuit Court against the Arkadelphia Milling Company, and in its complaint it alleged that the defendant was indebted to it, under and by virtue of a written contract, for the value of two weighing machines; and it sought to recover judgment therefor. To said action the defendant filed an answer and cross complaint, in which it claimed to set forth certain equitable rights and defenses, and it incorporated in said pleading a motion to transfer said cause to the Clark Chancery Court. Upon a hearing of said motion the circuit court sustained the same, and entered an order transferring the cause to the chancery court, and thereafter refused to proceed with or to exercise further jurisdiction over said cause. Thereupon the plaintiff in said case filed its petition in this court against the Hon. Jacob M. Carter, as judge of the Clark Circuit Court, seeking the issuance of said mandamus. In said petition it has set forth the complaint, and answer, cross complaint and motion to transfer filed in said case of the Automatic Weighing Machine Company against Arkadelphia Milling Company, and claims that therefrom it clearly appears that the Clark Circuit Court has jurisdiction to hear and try said cause, and that the defendant has pleaded no right or defense that is exclusively cognizable in a court of chancery. It therefore contends that the circuit court had no power to transfer said case to the chancery court

and to thus divest it of the jurisdiction and duty to hear and determine same. In the answer to this petition the respondent contends that the said answer and cross complaint do set forth equitable rights and equitable defenses, and that the Clark Circuit Court made said order of transfer in the due exercise of its judicial discretion.

We do not deem it necessary to set forth the allegations of said answer and cross complaint, or to determine whether or not any equitable defense is therein set forth, or whether or not the circuit court erred in transferring the case to the chancery court, or whether or not in the present status of the case such order of the circuit court was an exercise of judicial discretion which could not be controlled by mandamus; because the petitioner has not shown that he has no other adequate remedy, and that he can not secure such remedy by following said case to the chancery court to which it has been transferred. The writ of mandamus is only employed in unusual cases, and where no other remedy is available.

The exercise of the jurisdiction to issue the writ rests within the sound discretion of the court. It has been uniformly held that it will be issued only on extraordinary occasions to meet emergencies and to prevent a failure of justice. On this account the discretion to issue the writ will not be exercised until the parties have used all other available means to obtain the enforcement of their rights. High's Extraordinary Remedies, § 9; Ex parte *Whitney,* 13 Pet. 404.

In the case of *Goings* v. *Mills,* 1 Ark. 11, it is said: "It is believed to be well settled that the writ of mandamus is not to be considered as a writ of right, but it is understood to be within the discretion of the court to grant it; and it is held to be a general rule that the party applying for this writ must show a specific legal right and the absence of any specific legal remedy to induce the court to grant it." In the case of *Fitch* v. *McDiarmid,* 26 Ark. 482, the court said: "Upon the strength of the foregoing authorities, emanating as they do from such eminent jurists, we have no hesitancy in announcing that before a person can obtain the writ of mandamus he must present such a case or show that he has a clear, legal right to the subject-matter of his petition; second, that he has no other adequate remedy." Mr. High, in his work on Extraordinary Remedies,

§ 188, says that a review of the authorities show "the doctrine to be too firmly established to be easily shaken that the existence of another adequate and specific remedy is a sufficient bar to the granting of relief by mandamus, and that the writ is never allowed when the grievance in question may be corrected on error or appeal. Closely allied to this doctrine, and founded upon the same reasoning, is the principle that mandamus will not be allowed to take the place or to usurp the functions of an appeal or writ of error. Ex parte *Trapnall,* 6 Ark. 9; *Underwood* v. *White,* 27 Ark. 382; *Barham* v. *Carroll,* 44 Ark. 284; 19 Am. & Eng. Enc. Law, 756; 26 Cyc. 168.

In the case at bar it appears that the Automatic Weighing Machine Company instituted an action at law against the Arkadelphia Milling Company in the circuit court. The defendant in that case set forth, as it claimed, an equitable defense to that action, and moved that the case be transferred to the chancery court. This the defendant had the right to do. It was the duty of the defendant to interpose all defenses that it had to the action, whether legal or equitable; and, if equitable, to ask that the cause be transferred to the chancery court. Kirby's Digest, § § 1282, 5995; *Reeve* v. *Jackson, 46 Ark. 272; Daniel* v. *Garner, 71 Ark. 484.*

The circuit court did not refuse to assume jurisdiction of the action, but proceeded to hear and pass upon the motion to transfer. This it had the right to do. In the exercise of its judicial discretion it determined that the answer set forth an equitable defense, and ordered the transfer of the case to the chancery court. Before the chancery court has taken any action relative to the case, the petitioner now seeks this extraordinary remedy of mandamus from this court. The chancery court may, within its judicial discretion, determine that it should entertain jurisdiction of this case. If it does so, and shall make an order or judgment therein which is appealable, then the petitioner has the remedy of appeal or writ of error, if it shall believe that it is aggrieved by such decision; and upon such appeal to have the order of transfer reviewed. It has now the right to proceed with said cause to the chancery court; and, until that court shall refuse to take cognizance of the case, it can not be said that the petitioner is without adequate remedy.

The petitioner relies upon the case of *Gilbert* v. *Shaver,* 91 Ark. 231, for his action herein. In that case the action was instituted in the circuit court, and the defendant filed thereto an answer and cross complaint in which he claimed to set forth an equitable defense; and upon his motion the case was transferred to the chancery court. The chancery court thereupon refused to take jurisdiction of the case and remanded it to the **circuit court.** After this action was taken by the chancery court a petition was filed in this court for a mandamus seeking to compel the chancery court to assume jurisdiction of the case and to try and determine same. In that case it was held that, inasmuch as an appeal could not be taken from an order of transfer (*Womack* v. *Connor,* 74 Ark. 352), the petitioner was without a remedy. In that case the circuit court had refused to assume jurisdiction of the action, and the chancery court had also refused to take jurisdiction thereof. The petitioner had used all available means to obtain an enforcement of his rights. An extraordinary occasion was presented where the lower courts, which by the statute and Constitution were invested with jurisdiction to hear and determine such rights as the petitioner presented, refused to assume jurisdiction thereof and refused to make a final order from which the petitioner could appeal. The writ was therefore awarded to meet the emergency presented and to prevent a failure of justice. But no such emergency is presented by the petitioner in the action at bar. It has not followed its cause to the chancery court and there prosecuted same. It has not sought that remedy which at present appears to be open to it, but rather seeks, by this proceeding for a mandamus, to review the alleged error of the circuit court in making the order of transfer. This it cannot do. Until the chancery court shall fail to take jurisdiction of the action, or until such court shall refuse to make some final order that will be appealable, it cannot be said that the petitioner has no available remedy.

The petition for a mandamus is therefore denied.