(April 2, 1912.)

## C. BERNHARD, Appellant, v. IDAHO BANK & TRUST CO., a Corporation, Respondent.

[123 Pac. 481.]

JURISDICTION—SETTING ASIDE JUDGMENT—MOTION IN ORIGINAL CASE— SUIT IN EQUITY—MERITORIOUS DEFENSE.

(Syllabus by the court.)

1. Where the defendant interposes a motion to set aside a judgment, submits the same to the court for determination, and the court denies the motion, and no appeal is taken from the order denying the motion, the decision of the court thereon is final and

*res adjudicata* and is a bar to an independent action to cancel or set aside such judgment.

2. The defendant, having selected his remedy and thus had his day in court, cannot thereafter maintain a suit in equity to set aside such judgment, as he had an adequate remedy by motion in the original action and had pursued that remedy.

3. When a party has under the law two remedies and selects and proceeds under one of them, after obtaining a decision thereunder, he cannot abandon that remedy and proceed under the other.

4. Where it is claimed that a judgment was rendered without service of summons on the defendant and without his appearance, such defendant has the choice of two methods of attacking such judgment: First, by motion in such action to set aside the judgment; second, by a suit in equity to have the judgment set aside or the collection of the same enjoined.

5. Where a judgment is regular on its face and it is sought by a suit in equity to have it set aside or to enjoin the collection of it, in order to maintain such action the plaintiff must set up a good and meritorious defense to the original action.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action to have a judgment set aside on the ground that the trial court had no jurisdiction of the defendant.   Judgment for respondent.   *Affirmed.*

McFarland & McFarland, for Appellant.

It is conceded that where parties come into court asking for the vacation of a judgment upon grounds which rendered the said judgment voidable, and in fact upon any grounds except jurisdictional grounds, an allegation alleging meritorious defense must be set forth.   This, however, is not the case where the defects in the judgment were jurisdictional. (23 Cyc. 1031; *Crippen v. X. Y. Irrigating Co.*, 32 Colo. 447, 76 Pac. 794; *Wilson v. Hawthorne*, 14 Colo. 530, 20 Am. St. Rep. 290, 24 Pac. 548; *Great Western Min. Co. v. Alston Min. Co.*, 12 Colo. 46, 13 Am. St. 204, 20 Pac. 771; *Keely v. East Side Imp. Co.*, 16 Colo. App. 365, 65 Pac. 456; *Mosher v. McDonald* (Iowa), 102 N. W. 837; *Arnold v. Hawley*, 67 Iowa, 313, 25 N. W. 259; *Magin v. Pitts*, 43 Minn. 80, 19 Am.

St. 216, 44 N. W. 675; *Harrison v. Lokey,* 26 Tex. Civ. App. 404, 63 S. W. 1030; *Goldie Const. Co. v. Rich Const. Co.,* 112 Mo. App. 147, 86 S. W. 588.)

Whitla & Nelson, for Respondent.

The appellant having been properly before the court upon a motion to vacate the judgment, the decision of the court upon this motion is final and binding as to all things which were presented upon that motion, and his decision thereon rendered those matters *res judicata.* The order made by the court refusing to vacate that judgment was appealable, and until it is appealed from and reversed it stands as a conclusive bar between the parties to this action adjudging absolutely the rights of the parties herein. (*McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Chezum v. Claypool,* 22 Wash. 498, 79 Am. St. 955, 61 Pac. 157; *Wilson v. Seattle Drydock etc. Co.,* 26 Wash. 297, 66 Pac. 384; *Ward v. Derrick,* 57 Ark. 500, 22 S. W. 93; *Fuller v. Townsley-Myrick Dry Goods Co.,* 58 Ark. 314, 24 S. W. 635; *Texas-Mexican R. Co. v. Wright,* 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; *Holman v. Stowers Furniture Co.* (Tex. Civ. App.), 30 S. W. 1120; *Crandale v. Bacon,* 20 Wis. 640, 91 Am. Dec. 451; *School District v. Rice,* 11 Ida. 99, 81 Pac. 155; *Benson v. Simmers* (Ky.), 53 S. W. 1035.)

Want or insufficiency of process is not ground for equitable relief against a judgment at law, unless the party plead a good and valid and meritorious defense to the action. (*Combs v. Hamlin Wizard Oil Co.,* 58 Ill. App. 123; *Gould v. Loughran,* 19 Neb. 392, 27 N. W. 397; *Newman v. Taylor,* 69 Miss. 670, 13 So. 831; *White v. Crow,* 110 U. S. 183, 4 Sup. Ct. 71, 28 L. ed. 113; *Eldred v. White,* 102 Cal. 600, 36 Pac. 944; *Burbridge v. Rauer,* 146 Cal. 21, 79 Pac. 526; *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765, 14 L. R. A., N. S., 213; *Gifford v. Morrison,* 37 Ohio St. 502, 41 Am. Rep. 537; *Farwell Company v. Hilbert,* 91 Wis. 437, 65 N. W. 172, 30 L. R. A. 235; 6 Pomeroy's Eq. Jur., sec. 667; *Gibbons v. Scott,* 15 Cal. 285; *Taggart v. Wood,* 20 Iowa, 236; *Knox County v. Harshman,* 133 U. S. 152, 10 Sup. Ct. 257, 33 L. ed. 586;

*Petalka v. Fitle,* 33 Neb. 756, 51 N. W. 131; *Sharp v. Schmidt,* 62 Tex. 263.)

SULLIVAN, J.—This action was brought to have a certain judgment and execution thereon declared void as against the plaintiff, and to have such judgment and execution vacated, annulled and set aside, and for an injunction restraining the collection of such judgment.

It appears from the complaint that on the 22d day of April, 1909, the respondent, a banking corporation, brought an action against the Coeur d'Alene Brewing Company and this appellant, upon certain promissory notes; that in that action the defendants therein appeared by their attorneys and filed a demurrer to the plaintiff's complaint. The demurrer was overruled and the defendants given time in which to answer, which they failed to do, and the court entered judgment against them by default for the sum of $17,281.78 and attorneys' fees and costs of suit. It is alleged in the complaint that the summons in said action was never served upon this appellant, and that the appearance in said action made by the attorneys in filing a demurrer was without authority from this appellant; that he did not employ, engage or authorize said attorneys or any attorneys to appear for or represent him in said action; that execution was issued upon said judgment and levied on the property of this appellant, and that he did not know that said action had been instituted or commenced against him until after said execution had been issued; and in the fourteenth paragraph of the complaint it is alleged as follows:

"That on, to wit, the 7th day of June, 1911, this plaintiff entered a special and limited appearance in the above-entitled court in that action for the purpose of moving the court to vacate and set aside said judgment and did at said time and place, upon such special and limited appearance, move the court to vacate and set aside said judgment for the reasons and upon the grounds hereinbefore stated, and that thereafter, to wit, on the 12th day of June, 1911, the said court denied said motion."

From said allegation it appears that the court denied said motion on June 12, 1911, and the complaint in this action was filed two days later, on June 14, 1911. No appeal was taken from the order of the court denying said motion. A demurrer was interposed to said complaint, based on the ground that the complaint does not state facts sufficient to constitute a cause of action, and other grounds. After the hearing, said demurrer was sustained, and in the order sustaining it the court stated as follows: The court "finds that said complaint of plaintiff does not state or show that the plaintiff has any meritorious defense to the action upon which the judgment was recovered against him, and finds that said demurrer should be sustained." The plaintiff refused to plead further and judgment of dismissal was entered. This appeal is from that judgment.

The action of the court in sustaining the demurrer and in dismissing the action is assigned as error. The questions presented are: (1) Was the action of the court in overruling the motion of the appellant to set aside the judgment against him and the brewing company *res adjudicata?* And (2) Did the court err in this action in sustaining the demurrer on the ground that the appellant had not set up a meritorious defense?

We will dispose of these questions in the order above stated.

1. It is contended by counsel for appellant that as appellant appeared specially only in making the motion in the original case to set aside the judgment on the ground that the court had no jurisdiction of the person of the appellant, the decision of said motion was not *res adjudicata* and that it still left the matter open for the appellant to maintain this action to enjoin the collection of said judgment. It would appear on that motion the only question presented was whether the court had jurisdiction to enter said judgment. We have a right to and do presume that the question of the appearance of said defendant in that action was fully presented to the trial court on that hearing, and since the motion was overruled, the court must have come to the conclusion that the court had obtained jurisdiction to enter said judg-

ment against the appellant. The authorities seem to be harmonious and in perfect accord in such cases, to the effect that the decision of the court upon the motion to vacate the judgment on the ground that the court did not have jurisdiction to enter it is a settlement of the rights of the parties upon the question of jurisdiction, subject only to an appeal.

In *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748, it was held that where a party fails to appeal from an order refusing to set aside a judgment, he has lost his remedy, and said:

"The ruling of the court in this respect was appealable. It is said by this court in *Chezum v. Claypool,* 22 Wash. 498, 79 Am. St. 955, 61 Pac. 157, that where the statute affords a full, complete and adequate remedy against an illegal judgment, by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from any order entered upon such motion, one who has attacked a judgment by motion to vacate, and has failed to prosecute an appeal from the denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res adjudicata.*"

In *Ward v. Derrick,* 57 Ark. 500, 22 S. W. 93, it was held that the chancery court has no jurisdiction to review the action of the circuit court in refusing to set aside one of its judgments, the remedy of the party aggrieved being an appeal to the supreme court.

In the case of *Galveston etc. Ry. Co. v. Ware,* 74 Tex. 47, 11 S. W. 918, it is said:

"We are of the opinion, however, that the general rule of equity should apply, and that if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy to vacate it and has neglected to make use of it, relief by injunction should be denied him."

In this state the appellant had a choice between two remedies, and he chose to file his motion to vacate the judgment in the case in which the judgment was rendered upon the same facts as pleaded in the complaint in the action involved, and the court, after hearing the motion, decided the facts against the appellant, holding that the judgment was

not void, and the order so holding was appealable. But appellant refused to exercise his right of appeal and brought this suit in equity to enjoin the collection of said judgment. He had his day in court in that action, and the decision of that motion upon the question of jurisdiction was *res adjudicata.* The appellant had the right either to attack said judgment by motion in the original case or by bringing this action to enjoin or to have it set aside. If he proceeded by motion, and the court decided against him, the decision of that question, until reversed upon appeal, is final and binding on the parties.

In *Benson v. Simmers* (Ky.), 53 S. W. 1035, a case quite similar to the one at bar, the court held that where the court, after hearing proof, refused to sustain defendant's motion to vacate a judgment on the ground that she was not before the court, that question is *res adjudicata,* and defendant is bound by the judgment in a subsequent proceeding, and said:

"On the question as to whether appellant was a party, and had notice of the pendency of the settlement suit, it appears therein that in 1894 appellant entered a motion to set aside and vacate, as to her, all orders and judgments entered in that settlement suit, for the reason that she was not before the court when rendered, had not entered her appearance, nor been served with process. On that motion the court heard proof, and refused to vacate or set aside the judgment; thereby adjudging that appellant had been served with process, and was properly before the court. So, therefore, that question was *res adjudicata;* and the court in this case properly held that appellant was a party to, and bound by any order or judgment in, the settlement suit."

In *Wilson v. Buchanan,* 170 Pa. 14, 32 Atl. 620, the court held that a refusal of a rule to open a judgment is a bar to a bill in equity, based on the same grounds for the same relief.

In *Moore v. Horner,* 146 Ind. 287, 45 N. E. 341, the court held that a denial of a motion made in an action to set aside a judgment rendered on default is an adjudication which will bar a subsequent proceeding under the statute for the same purpose, and the presumption is that the same was deter-

mined upon its merits unless the contrary is shown, and that it is well-settled law that whenever a matter is adjudicated and finally determined by a competent tribunal, it is considered forever at rest, and said:

"We think the action of the court in overruling said motion made in 1893 to set aside the default and judgment in the original cause was an absolute bar to any other proceeding for the same purpose."

The question as to whether the court had jurisdiction of the appellant in the action referred to was fairly and squarely presented on said motion to set aside said judgment. That being true, its decision therein was final, subject only to an appeal and is *res adjudicata* as between the parties, and this action cannot be maintained to enjoin the collection of said judgment.

Under the law two remedies were open to the appellant in this matter: He could either move in the original action to have the judgment set aside on the ground that the summons had not been served on him and that the court had acquired no jurisdiction of his person, or he could have instituted this action to have said judgment set aside and to enjoin the collection of it. He made his selection, and having proceeded by motion in the original action to have the judgment set aside, selected that as his remedy, and when the court decided the motion against him, the only recourse he had left was to appeal. It was then too late for him to abandon that remedy and pursue the remedy he is attempting to pursue in the action at bar.

2. Did the court err in sustaining the demurrer to the complaint on the ground that the appellant failed to set up a meritorious defense?

It appears that the trial court sustained the demurrer to the complaint upon the ground that the plaintiff had not set forth a meritorious defense or any defense at all. This court held in *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7, that a judgment should not be vacated or a new trial granted unless it appears from the showing that a different judgment would likely be entered in the event a

new trial was granted. The original action was an action at law upon certain promissory notes, and as above shown, a motion was made in that action to set aside the judgment on the identical grounds set forth in the complaint in this action.

It was held in *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765, 14 L. R. A., N. S., 213, that where an independent action is brought to vacate a judgment upon the ground that it was obtained without jurisdiction, a showing that the defendant has, or at the time of the judgment had, a defense, is none the less necessary because the judgment may have been so obtained, without service of summons or appearance of the defendant, especially if the lack of jurisdiction does not appear upon the face of the record. In the case at bar the lack of jurisdiction does not appear on the face of the record. In the Brandt-Little case the court held that the complainant upon invoking the assistance of a court of equity must show that the former judgment is inequitable, and states: ''This would seem to be a wholesome and salutary rule.'' In that case the court cites numerous authorities in support of the rule there laid down.

It is stated in 1 Black on Judgments, sec. 349, as follows:

''The privilege of vacating judgments is to be used only in the furtherance of justice, and a judgment should not be set aside unless it is unjust as it stands. Hence, if it is regular on its face, it will never be opened up merely for the purpose of letting in an unconscionable, dishonest, or purely technical defense.''

It is stated in 23 Cyc., p. 1031, as follows:

''A court of equity will not interfere with the enforcement of a judgment recovered at law, unless it is unjust and unconscionable; and therefore such relief will not be granted unless the complainant shows that he has a good and meritorious defense to the original action.''

The reason for the rule that a meritorious defense must be shown seems to be based upon one of the fundamental principles of equity and that ''He who seeks equity must do equity.'' If a party comes into a court of equity and seeks to enjoin a judgment that is regular on its face, he should

at the same time offer to do equity by offering to pay the debt if he owes it, and until he shows to the court that the sum upon which the judgment is based is not due, or some good, valid and meritorious defense thereto, he has not shown any reason why the court should lend its jurisdiction in order to allow him to escape the payment thereof.

The most of the appellate courts of the states in the Union. adhere to this rule. There are, however, exceptions. Colorado and some other states have held differently and to the effect that where the court had no jurisdiction to enter the judgment on an application to have it set aside, no meritorious defense need be plead. If a judgment is void upon its face, it is subject to collateral attack and may be attacked whenever and wherever it is brought into the question; but if it is not void upon its face, an entirely different question is presented, and then a meritorious defense must be set up in such action.

In *Rotan's Heirs v. Springer*, 52 Ark. 80, 12 S. W. 156, the court said:

"The plaintiffs offered no suggestion of a defense to. the claim upon which the judgment which they sought to enjoin was based. Their complaint, therefore,˙ stated no cause of action."

It was held in *Combs v. Hamlin Wizard Oil Co.*, 58 Ill. App. 123, *Gould v. Loughran*, 19 Neb. 392, 27 N. W. 397, *Newman v. Taylor*, 69 Miss. 670, 13 So. 831, and *White v. Crow*, 110 U. S. 183, 4 Sup. Ct. 71, 28 L. ed. 113, that a want or insufficiency of process is no ground for equitable relief against a judgment at law unless the party plead a good, valid and meritorious defense to the action.

In *Burbridge v. Rauer*, 146 Cal. 21, 79 Pac. 526, it was held that equity will not overturn a judgment valid on its face unless it is an unjust judgment.

Where an attorney appears on behalf of a defendant and his authority is afterward denied, as is done in the case at bar, an allegation of meritorious defense is absolutely essential to his stating a cause of action to cancel or set aside such judgment. (*Piggott v. Addicks*, 3 G. Greene (Iowa), 427, 56

Am. Dec. 547; *Fowler v. Lee,* 10 Gill & J. (Md.) 358, 32 Am. Dec. 172.)

Freeman, in his work on Judgments, sec. 498, states: ''But the better established rule undoubtedly is, that notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment until it appears that the 'result would be other or different from that already reached.' '' (See, also, *Gifford v. Morrison,* 37 Ohio St. 502, 41 Am. Rep. 537.)

In 6 Pomeroy Equity Jur., sec. 667, it is said: ''In cases where the ground of attack on the judgment is want of jurisdiction, as where there is no service of summons, there is a conflict of authority; but the prevailing view is that even there a good defense on the merits must be shown.'' (Numerous authorities are there cited sustaining that rule.)

The supreme court of the United States, in *Knox v. Harshman,* 133 U. S. 152, 10 Sup. Ct. 257, 33 L. ed. 586, said:

''A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. . . . . The officer's return stated that he served a copy of the summons upon the clerk.''

In the original case, attorneys who were officers of the court, appeared and filed a general demurrer for appellant and the judgment is regular on its face.

Some of the cases seem to proceed upon the theory that where the judgment shows on its face that the court had no jurisdiction, and for that reason absolutely void, it was not necessary in an action to have such judgment set aside and declared void, to set up a meritorious defense, but the case at bar does not come within the scope of those decisions as it appears from the complaint that the trial court acquired jurisdiction of the person of the appellant by appearance of attorneys who filed a demurrer for him, and so far as that judgment is concerned, it is regular on its face and there is nothing to show that the court did not have jurisdiction. The decided weight of authority is in favor of the rule that

where an action is brought to set aside or enjoin the collection of a judgment that is regular on its face, the applicant must set forth a meritorious defense. Therefore the complaint in this action is fatally defective, because of the fact that it does not state any defense at all, and, on the other hand, it practically admits that the action in which the judgment sought to be set aside was rendered is upon promissory notes signed by the plaintiff. The court did not err in sustaining said demurrer.

The judgment must· therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.