ARKANSAS POWER & LIGHT COMPANY *v.* LIEBE, ADMX.

4-6222                                    144 S. W. 2d 29

Opinion delivered November 4, 1940.

*C. A. Walls; Rose, Loughborough, Dobyns & House; House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

*W. P. Beard* and *Buzbee, Harrison, Buzbee & Wright,* for appellee.

HUMPHREYS, J. This is a petition filed by appellant in the circuit court of Lonoke county against appellee to off-set $3,000 which she received from its joint tortfeasor September 13, 1939, on a covenant not to sue its joint tortfeasor, the Fischer Cement & Roofing Company. Appellant admitted its liability under said judgment of date February 8, 1940, for $5,000, but stated that it was entitled under the laws of the state of Arkansas to claim a credit by way of off-set on the judgment recovered

against it for the amount paid by its joint tortfeasor of $3,000, in consideration for her covenant not to sue the said Fischer Cement & Roofing Company. Appellant was not a party to her covenant not to sue said Fischer Cement & Roofing Company. Appellant also admits that it had knowledge of and knew that appellee had executed a covenant not to sue the Fischer Cement & Roofing Company before it filed its answer setting up its defenses in the suit brought by appellee to recover damages from appellant for negligently killing her husband, and that it never embraced in its answer the defenses of counter claim or set-off in mitigation of damages by reason of and on account of appellee executing a covenant to the Fischer Cement & Roofing Company not to sue it in consideration of $3,000.

The petition and answer thereto were presented to the trial court under a stipulation the gist of which was set out in the petition and a judgment was rendered denying the off-set of $3,000 against the $5,000 judgment, from which is this appeal.

A few additional facts reflected by the stipulation will be related to aid in a better understanding of the case.

In the suit between appellee and appellant in which appellee recovered a $5,000 judgment of date February 8, 1940, each party filed a motion for a new trial, but neither appellee nor appellant obtained a ruling thereon so neither motion was granted nor denied and the time for appeal from the $5,000 judgment expired on August 9, 1940. The term of the Lonoke circuit court at which the $5,000 judgment was rendered adjourned and a new term began on September 2, 1940.

This petition asking for the credit or off-set on the $5,000 judgment of the $3,000 received by appellee from appellant's joint tortfeasor on September 13, 1939, was filed on the 19th day of September, 1940.

Appellant contends that under the undisputed facts it was entitled, as a matter of law, to have the $5,000 judgment credited with the $3,000 appellee received from its joint tortfeasor even though it had not pleaded the

payment as a defense by way of counter claim or set-off. A complete answer to this contention is found in § 1416 of Pope's Digest, which provides as follows:

"The answer shall contain:

". . .

"Third: A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language, without repetition.

"Fourth: In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense counter-claim or set-off, whether legal or equitable, as he shall have."

If the covenant not to sue were available for any purpose, it was by way of defense in mitigation of damages.

In the case of *Gorman* v. *Bonner*, 80 Ark. 339, 97 S. W. 282, this court said: "A defendant can not, under the Code system of procedure, let judgment go against him at law upon a legal liability, and then enjoin the judgment in equity upon equitable grounds which were known before the judgment at law. The effect of the Code procedure has modified, and to a large extent rendered obsolete, the ancient jurisdiction of equity over judgments at law. The rule now is that parties must litigate the whole controversy in one action, and a defendant who has an equitable defense to an action at law is not now without a remedy against such action, for he can interpose such defense by answer or counter-claim, and, if necessary, have the case transferred to the chancery court. Kirby's Digest, § 6098. If he fails to do this, and allows judgment at law to go against him, he may find that his defenses have been cut off by such judgment, and that he is without a remedy, either in law or equity. *Reeve* v. *Jackson*, 46 Ark. 272; *Ward* v. *Derrick*, 57 Ark. 500, 22 S. W. 93; *Moore* v. *McCloy*, 70 Ark. 505, 69 S. W. 311; *Daniel* v. *Garner*, 71 Ark. 484, 76 S. W. 1063."

The court, also, said in the case of *Interstate Jobbing Co.* v. *Velvin*, 172 Ark. 212, 287 S. W. 1015, involving the

same point involved in the instant case, that: "This new defense was in the nature of a plea of payment of a portion of the account for which defendant would otherwise be liable, and it is a rule of pleading well settled by the decisions of this court that where there is no plea of payment, proof thereof is inadmissible. *Robinson* v. *Woodson,* 33 Ark. 307. In the case of *Jarvis* v. *Andrews,* 80 Ark. 277, 96 S. W. 1064, it was held that evidence tending to prove payment of the note in suit was properly excluded in the absence of a plea of payment. See, also, *Hays* v. *Dickey,* 67 Ark. 169, 53 S. W. 887. Cases cited in the notes to 30 Cyc. 1253 and 21 R. C. L., pp. 115 and 117, show that this rule is one of general application."

Appellant cites § 1250 of Pope's Digest, but we do not think it applicable, for appellant admits that it knew of the covenant not to sue its joint tortfeasor before appellee obtained her judgment for $5,000 and admits that it did not set that up in the trial of the case in mitigation of its damages and we do not think appellant's alleged right to a set-off is a claim within the meaning of § 1250 of Pope's Digest.

Appellant does not contend that it was released from liability under and by virtue of the covenant not to sue executed by appellee to the Fischer Cement & Roofing Company, but only contends that it is entitled to an off-set in mitigation of the judgment for damages against it. If it contended otherwise this court has already adjudged in the case of *Altman-Rogers Co.* v. *Smith,* 185 Ark. 100, 46 S. W. 2d 45, as follows:

". . . The most it (the evidence) shows and the jury could have found it shows is that appellee agreed for a consideration not to sue the Southwestern Bell Telephone Company.

"This court is committed to the doctrine that a covenant not to sue one of two joint tortfeasors does not operate as a release of the other from liability."

No error appearing, the judgment is affirmed.