## MANN VS. SCOTT ET AL.

ARGUMENT: *Order of.*

Where, in an action upon an account, the only defense interposed was that of payment, the burden of proof was on the defendant, and he was entitled to the concluding argument before the jury, and it appearing that there was a conflict in the evidence, the denial of the right is ground of reversal.

| 32 | 593 |
| 59 | 143 |
| 32 | 593 |
| 64 | 466 |
| 32 | 593 |
| 67 | 172 |
| 32 | 593 |
| f82 | 334 |

APPEAL from *Clark* Circuit Court.

Hon. L. J. JOYNER, Circuit Judge.

*Coleman,* for appellant.

*H. B. Stewart, contra.*

ENGLISH, CH. J.:

In November, 1874, C. C. Scott & Co., a mercantile firm of Arkadelphia, sued Phillip Mann before a justice of the peace of Clark County, on an open account for $70.94. The account is made up of a good many items for merchandise, charged as sold at various dates ranging from the 21st of April to the 11th of December, 1871, and a coffee mill is charged as of the last named date. The only credit upon the account is for one pair of pants returned June 24th.

38

The plaintiffs filed with the account an affidavit that the account was just and correct; that each article charged therein was purchased by defendant, that he agreed to pay the prices annexed, and that all just credits were entered thereon, and that the sum of $70.94 was justly due plaintiffs, with interest thereon at 10 per cent. from the 11th December, 1871.

The defendant filed a counter affidavit, stating that the account was not just, that he was entitled to credit for a bale of cotton, not credited thereon, which he expected to prove at the trial.

There were three mis-trials before the justice of the peace, the juries failing to agree; and on the fourth trial the verdict and judgment were in favor of the defendant, and the plaintiff appealed to the Circuit Court.

The cause was tried in the Circuit Court at the April Term, 1877, and a verdict returned by the jury in favor of the plaintiffs for $70.94 debt and $22.67 damages.

The defendant filed a motion for a new trial on the grounds (with others that need not be noticed):

"*First*—That when the defendant admitted the account on which plaintiffs sued, and when in consequence of said admission, the plaintiffs introduced no proof to sustain their suit, and when the defendant plead but one plea of payment of said account (there being no other plea in the case), and the burden of proof rested on the defendant, the court erred in refusing to his counsel the opening and concluding of the argument before the jury.

"*Second*—That the verdict was contrary to law and the evidence."

The court overruled the motion, and the defendant took a bill of exceptions, setting out the evidence, etc. Final judgment was rendered upon the verdict, and defendant appealed to this court.

The bill of exceptions shows that upon the trial, the sole de-fense of the defendant was the plea of payment which he had relied on before the justice of the peace, and hence the plaintiffs introduced no evidence to prove the account sued on.

The testimony of the defendant, and witnesses introduced by him, conduced to prove that in December, 1871, and after he purchased the coffee mill of plaintiffs, he delivered to one of the plaintiffs in Arkadelphia a bale of cotton in payment of the account sued on.

On the contrary, the evidence introduced by the plaintiffs conduced to prove that defendant owed them an account for the year 1870, and delivered them a bale of cotton, in that year, in settlement of that account, and had delivered to them no other bale of cotton.

No objection was made to the charge of the court to the jury.

The court instructed the jury: "That the correctness of plaintiffs' account being admitted, if the jury believe from the evidence, that the bale of cotton received from defendant was in payment of the account of the year 1870, and was not received in satisfaction of the account of 1871, they might find for plain-tiffs, etc."

Also instructed them in regard to the impeachment of wit-nesses, their credibility as affected by their appearance, manner of testifying, relationship, etc., and as to the weight to be given to the prevailing number of witnesses, etc.

After setting out the instructions given by the court, the bill of exceptions further states: "That the defendant moved the court that he having admitted plaintiffs' account, and having plead payment in satisfaction thereof, and the burden of the proof of payment being on the defendant, he was entitled to claim the opening and the conclusion of the argument; which motion the court refused to grant, and the defendant at the time excepted;

whereupon the court permitted the counsel of the plaintiffs to open and conclude the argument in the cause, to which defendant at the time excepted."

Before the adoption of the Civil Code, the party on whom was the burden of proof, had the right to open and conclude the argument. *Pogue* v. *Joyner*, 7 Ark., 466. It was said in this case, that the question as to which party should open and conclude the argument, was one within the discretion of the court below, and not subject to the control of this court, unless the discretion should be abused to the prejudice of the parties; but that under the issue made up between the parties, the *onus probandi* was upon the defendant, and he was entitled to begin, etc.

In *Rogers et al.* v. *Diamond*, 13 Ark., 480, the court said the verdict must have been against the petitioner, in case no evidence had been offered, and the burthen of proof being upon him, he had the right to open and conclude.

By the Civil Code it was provided that the party having the burden of proof should have the conclusion, and the adverse party the opening, etc. Gantt's Dig., sec. 4668, sixth clause.

This statute was in force when the case of *Tobin et al.* v. *Jenkins et al.*, 29 Ark., 153, was before this court; and it was held that it was error in the court below to deny to the party who held the affirmative of the issue, the right to conclude the argument before the jury. That there is a decided advantage before a jury in having the concluding argument. That it was hard to estimate the extent of the wrong, where the right was denied; but it was sufficient to say that it was a right and a privilege to which the party holding the affirmative was entitled.

By the act of 15th December, 1875 (Acts of 1874-5), the Code rule was amended and the former practice restored. The act provides that the parties may submit or argue the case to the jury; and in the argument, the party having the burden of proof

shall have the opening and conclusion, and if, upon the demand of his adversary he shall refuse to open and fully state the grounds upon which he claims a verdict, he shall be refused the conclusion. By Act of March 6th, 1877 (Acts of 1877, p. 31), the same rule was adopted for criminal cases.

The court must of course determine, if there is any controversy on the subject, on which party the burden of proof rests, and when that is settled, the statute gives him the right to open and conclude the argument.

In this case the bill of exceptions shows that appellant relied for defense solely upon the plea of payment. This was a plea in confession and avoidance. If no proof payment had been introduced at the trial, appellees (plaintiffs below), would have been entitled to a verdict, and the *onus probandi* was, therefore, most clearly, upon the appellant, and he had the right to open and conclude the argument before the jury.

The erroneous denial of this right, might not, in all cases, be ground of reversal. But in this case, the testimony of the witness as to the payment of the account sued on by the delivery of the bale of cotton being in conflict, the argument before the jury may have been prejudicial to him.

The litigation has doubtless been unprofitable to both parties, and we would willingly terminate it, if we could affirm that the judgment of the court below was right upon the whole record. But as appellant may have been prejudiced by the refusal of the court below to permit him to open and conclude the argument, we feel constrained to reverse the judgment and remand the cause for a new trial.