Titsworth v. Spitzer et al.

TITSWORTH v. SPITZER ET AL.

1. PRACTICE: *Trial before court: Incompetent evidence: Presumption.*
When, in a trial before the court, incompetent evidence is given by one party against the objections of the other, and the court reserves its ruling upon the objections until the final ruling upon the whole case, it must be presumed that the court, in making up its final judgment, excluded the incompetent testimony from its consideration.

2. MORTGAGEE: *Action against purchaser of mortgaged property.*
A mortgagee may, by proper action, subject the proceeds of the sale of the mortgaged property sold by one who has purchased it from the mortgagor and sold it, to the payment of his mortgage debt.

APPEAL from *Logan* Circuit Court.
Hon. R. B. RUTHERFORD, Circuit Judge.

*C. A. Lewers and Collins & Balch* for appellant.

The *onus probandi* was upon the plaintiff (*22 Ark., 396*), and he must make out his case by competent testimony, (*4 Ark., 94*). He must establish his right of possession as well as wrongful detention of the identical property sued for. (*17 Ark., 549; 3 Eng., 519.*) Where there is no evidence to support the finding, this court will grant a new trial. *5 Ark., 640; 14 Ib., 202.*

A failure to clearly identify the property is fatal to plaintiff's case. Where a party has introduced no legal testimony tending to sustain a material issue, but has

introduced a mass of illegal testimony, it is a strong reason why a verdict in his favor should be set aside. *6 Ark., 86.*

*U. M. & G. B. Rose* for appellee.

The only question in this case is one of fact, and there being some evidence to support the finding, it will not be disturbed. *27 Ark., 592; 38 Ib., 139.*

ENGLISH, C. J. On the sixteenth of December, 1881, Ignatius Spitzer and Isadore Sugarman brought replevin against E. N. Titsworth, before a justice of the peace of Logan County, for three bales of cotton described as marked " J. K. with drop block [E]," of which the plaintiffs claimed to be the owners and entitled to immediate possession, and which they alleged defendant wrongfully detained from them.

The cotton was seized under the writ, bonded by defendant, and he denied the title of plaintiffs, and alleged property in himself.

The plaintiffs obtained judgment before the justice, defendant appealed to the Circuit Court, where the case was submitted to the court sitting as a jury, and plaintiff again recovered judgment for the cotton, etc. Defendant was refused a new trial, and took a bill of exceptions and appealed.

I. From the evidence set out in the bill of exceptions, it does not appear that Isadore Sugarman had any title to or interest in the cotton sued for; and why she (if female) was joined as plaintiff, and why her name was not stricken from the complaint at the trial, when her want of title was shown, does not appear. No question seems to have been made in the court below, and none submitted here, as to her joinder as plaintiff.

II. No declaration of law was made by the court at the

trial.   The motion for a new trial was upon the ground that the finding of the court was contrary to law and evidence.

Ignatius Spitzer was the only witness examined at the trial on behalf of the plaintiffs.   He testified that he was merchandising at Paris in the year 1881, sold supplies to John Kornfield, and took from him a mortgage with the consent of defendant on fifteen acres of cotton and ten acres of corn, to be planted and grown by him on defendant's farm, in Roseville township, Logan County, and which mortgage the witness produced and read in evidence.

The mortgage was executed to Spitzer by John Kornfield, fifth of May, 1881, to secure an existing indebtedness to him of $60, and future supplies, the debt to be paid first of October, 1881, and on default Spitzer to take possession of and sell the crops mortgaged.

Spitzer further testified that at the commencement of the suit Kornfield owed him  an unpaid balance of $87.50, for supplies, etc.

That in the winter of 1881 he went down to defendant's farm to see about John Kornfield's crops, having been previously informed that he had gathered his crops, and left the country.   Witness saw defendant, and told him he wanted John Kornfield's cotton,  to which he replied that he had bought and shipped all Kornfield's cotton on the boat, and this was all he said on the subject.   Witness went to defendant's residence, and saw a lot of baled cotton, some 25 bales, in his yard or inclosure.   Also saw three bales marked $\frac{J.K.}{[E.]}$, to one side from the other cotton.   He returned to Paris and sued out a writ of replevin for the three bales.   Did not examine the other bales of cotton to see how they were marked.   Did not know who raised the cotton replevied.   Kornfield had left the country when he went down to see about the cotton.   Did not

know whether or not there were other persons on defendant's farm whose initials were " J. K." Defendant's farm was large, and had many tenants on it. Did not know whether the cotton replevied was raised by John Kornfield or not. Did not know of his own knowledge that said cotton was raised on defendant's farm. " But he was informed by some of the tenants on the farm, the day he went down to see about the cotton, that John Kornfield's cotton was up at defendant's house. He made inquiries of a Dutchman, some negroes and other parties who were tenants on said farm, and was informed by them that there was no other persons on said farm with the initials J. K., or initials of John Kornfield."

To the giving of this testimony defendant objected, and insisted that its competency should be passed on by the court, though sitting as a jury; but the question was reserved to be disposed of by the court in ruling upon the whole case.

Witness further testified that the cotton was worth $150.

Defendant proved by the officer who seized the three bales of cotton under the writ of replevin, that he found them in defendant's yard, marked as above shown. There were quite a number of other bales of cotton in the yard, but witness did not notice how they were marked. Defendant was not at home at this time.

The above is the substance of all the evidence introduced at the trial.

Plaintiffs allege that they were the owners of the cotton sued for, which being denied by defendant, the burden of proof was on the plaintiffs. They could not recover without showing title in themselves. *Robinson v. Calloway, 4 Ark., 94; Patterson v. Fowler, 22 Ib., 397.*

As above shown there was no evidence of any title in plaintiff, Sugarman.

Plaintiff Spitzer set up no title to the cotton except under the mortgage issued by Kornfield to him.

1. Incompetent evidence in trial before court: Presumption. It must be presumed that the trial court, in making up its final judgment upon the whole case, disregarded and discarded from consideration the hearsay and incompetent evidence introduced by the plaintiffs against the objections of defendant.

There was no competent evidence of title in Spitzer, in other words that the cotton was covered by the mortgage, except the single fact that the bales were marked with the initials of the mortgagor. There was no competent proof that Kornfield produced the cotton, or that it was any part of the fifteen acres of cotton described in the mortgage.

There was no evidence that it was the custom of tenants on the defendant's plantations to mark cotton produced by them with their initials, or that such was a general custom, nor has the court any judicial knowledge of such custom.

Counsel for appellees submit that there was not a total want of evidence to sustain the verdict, that the fact that the cotton was marked J. K., the initials of the mortgagor, was some evidence.

Conceding this fact to be some slight evidence of title in Spitzer, yet there was in evidence the countervailing fact that the cotton was in possession of defendant, which was *prima facie* evidence of title in him. *Hutchinson v. Philps, 11 Ark., 271.*

Mortgagee may follow proceeds of mortgaged property. Defendant stated to Spitzer that he had bought and shipped all of Kornfield's cotton on a boat. If this was true, Spitzer might in a proper suit subject the proceeds of the cotton in his hands to the payment of the mortgage debt, but he could not, in an action of replevin, recover of defendant other cotton not proven to have been produced by Kornfield or covered by the mortgage.

Reversed, and remanded for a new trial.