HAYS *v* DICKEY.

Opinion delivered November 11, 1899.

1. PLEADING—EFFECT.—Where, in an action for money had and received by an administrator to recover the amount of a note collected by defendant for the benefit of plaintiffs' intestate, defendant alleged in his answer that intestate, before maturity and for value, transferred and delivered said note to defendant, such answer is in effect a plea of payment. (Page 172.)

2. NEGOTIABLE NOTE — POSSESSION AS EVIDENCE OF TITLE. — One who holds a note which has been indorsed to him by the payee "for value" is presumed *prima facie* to be its owner, and such presumption is sufficient to overcome the burden assumed by him in a plea that he has paid for the note. (Page 172.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

### STATEMENT BY THE COURT.

This is a suit by A. B. Dickey, as administrator of the estate of Charity A. Robinson, deceased, against John Hays upon an account which contained among other items the following:

"1895.    To rents of upper place for 1895 from John Hays, $325.00."

Hays answered denying that he was indebted to the administrator in any sum, and by way of cross-complaint alleged that appellee's intestate, Mrs. Robinson, at the time of her death was indebted to him in the sum of $348.31 (exhibiting his account), for which he asked judgment. A reply was filed by the administrator to the cross-complaint, in which he disclaimed any knowledge of the matters set up therein.

There was a jury trial, verdict and judgment in favor of the administrator for $86.51, and this appeal was prosecuted.

*Greeson & Tompkins,* for appellants.

The failure of the administrator to call appellant to prove the facts about the note raises the presumption that it would have been against him. 19 Am. & Eng. Enc. Law, 70, 338; 55 Ark. 386. Possession of personal property is *prima facie* evidence of title. 11 Ark. 279; 42 Ark. 310; 1 Greenl. Ev. § 34 and note; 55 Ark. 63. The endorsement in full transferred the title to the note. 19 Am. &. Eng. Enc. Law, 79; 4 *id.* (2 Ed.) 266 b; 2 Wall. 121. The burden is on the one who assails the right of the endorsee in possession. 19 Am. & Eng. Enc. Law, 79, n. 3; 13 Ark. 161; 3 Kent's Comm. §§ 77, 79; 63 Ark. 92.

*J. H. Crawford,* for appellee.

There being no plea of payment, proof of same was inadmissible. 33 Ark. 307. The burden of proving it is on the one making the plea. 32 Ark. 593; 64 Ark. 466.

WOOD, J., (after stating the facts). The only ground urged for reversal here is that the court erred in refusing to instruct the jury as follows: "If you find from the evidence that the item of $325, as charged in plaintiff's complaint, was represented by a note given to C. A. Robinson, and that the same was duly indorsed and transferred before maturity to John Hays, it is *prima facie* evidence of title in him, and the presumption is that he took it for value;" and in giving the following: "If the jury believe that John Weeks rented from the plaintiff's intestate the upper place for $325, and gave to her his note therefor, and that she immediately transferred the same to defendant, then the defendant must account to plain- tiff for same, and the burden of proof is upon defendant to show payment therefor."

The item charged in the account is for the purchase money of this note. The testimony bearing on the note is as follows:

John Weeks: "I rented what is known as the 'Upper McLain Place' for the year 1895. I made a contract with Mrs. C. A. Robinson, and gave a note to her for $325 to cover it. She transferred it to Mr. Hays, and I paid him. It was then delivered to me, but since that time I let him have it, and am told it is lost."

Tom Hays: "I remember the execution of the note men- tioned by John Weeks. Mrs. Robinson, Mr. Weeks and my father came to the store, and I wrote the note at their dictation. Mr. Weeks signed it, and then on the back of it Mrs. Robin- son signed the indorsement, 'I hereby transfer and assign the within to John Hays, for value.' The note was then handed to my father, and we made no entry of it on the books of the store, as we were not instructed to do so. I did not see it again until after it was paid, when Mr. Weeks gave it back to my father, and in some way we have misplaced it."

Hays in his answer alleged "that said C. A. Robinson in her lifetime, before maturity and for value transferred, assign- ed and delivered said note to this defendant."

The testimony of Tom Hays shows that the note was en- dorsed by Mrs. Robinson: "I hereby transfer and assign the within to John Hays for value," and was handed to his father.

The answer of Hays, *supra,* was substantially a plea of payment; for, if he paid value for the note when it was transferred to him, the note was thereafter his property, and he was not indebted to the administrator for same. The fact that the note was indorsed to Hays "for value," and delivered to. him, undoubtedly raised the *prima facie* case that he had paid for same, and was the owner thereof. *Hutchinson* v. *Phillips,* 11 Ark. 279; *Titsworth* v. *Spitzer,* 42 Ark. 310. This status of the answer and the proof meets every requirement of the law to the effect that there must be a plea of payment before proof of s me can be admitted, and, after such plea, that the burden is upon him who pleads payment to show it. *Robinson* v. *Woodson,* 33 Ark. 307; *Mann* v. *Scott,* 32 Ark. 593; *Blass* v. *Lawhorn,* 64 Ark. 466.

It follows that the court erred in its charge. The judgment is therefore reversed, and the cause remanded for new trial.