GALLOWAY *v.* STALLINGS.

Opinion delivered May 29, 1922.

CORPORATIONS—LIABILITY OF OFFICERS—FAILURE TO FILE STATEMENT.— An unverified statement of the affairs of a corporation filed in the county clerk's office is not a sufficient compliance with Crawford & Moses' Dig., §§ 1715, 1725, 1726, requiring the filing of a verified statement annually, and does not relieve the president and secretary from personal liability for the debts of the corporation contracted during the period of default.

Appeal from Monroe Circuit Court; *George W. Clark,* Judge; affirmed.

*S. S. Jefferies,* for appellant.

The appellants discharged their full duty when they deposited the report with the proper official. 28 Ark. 244; 128 Ark. 59; 168 Pac. 40.

The report filed by the appellants was a full compliance with sec. 1715 of C. & M. Digest, in that it gave the information required by the statute. 124 Ark. 495; 96 Ark. 268; 123 Ark. 226.

In the absence of the president it was proper for the vice-president to sign the report.  79 Ark. 465.

The mere failure to attach the corporate seal to a report is not of substance, but of form merely.  109 Pac. 952.

*Gregory & Holtzendorff* and *Bogle & Sharp,* for appellee.

The statute was not complied with.  40 N. Y. S. 1081. Lack of the verification required by the statute invalidates the report.  14a C. J. 416.

The certificate required must be true and correct. 92 Ark. 416.

The report must be signed and verified by the officers designated by the statute.  7 R. C. L. 515;  92 Ark. 266; 79 Ark. 465;  11 Ark. 37;  136 Ark. 414;  14a C. J. 214.

McCULLOCH, C. J.  Appellants, O. C. Galloway and F. M. Kennedy, are president and secretary, respectively, of the Galloway-Kennedy Company, a domestic corporation, domiciled in Monroe County, and appellee is a creditor of said corporation for indebtedness which arose during the year 1920.

This is an action instituted by appellee against appellants to recover the amount of said indebtedness, and liability of appellants for the debts of the corporation is asserted on account of their alleged failure, as officers of the corporation, to comply with the statute by filing a verified annual report of the affairs of the corporation.  The statute on this subject reads as follows:

"The president and secretary of every corporation organized under the provisions of this act shall annually make a certificate showing the condition of the affairs of such corporation, as nearly as the same can be ascertained, on the first day of January or of July next preceding the time of making such certificate, in the following particulars, viz:  The amount of capital actually paid in; the cash value of its real estate; the cash value of its personal estate; the cash value of its credits; the amount of its debts; the name and number of shares of

each stockholder; which certificate shall be deposited on or before the fifteenth day of February or of August with the county clerk of the county in which said corporation transacts its business, who shall record the same at length in a book to be kept by him for that purpose." Crawford & Moses' Digest, sec. 1715.

"The certificates required by sections 1711, 1715, 1721 and 1723, except certificates of transfers of stock, shall be made under oath or affirmation by the person subscribing the same; and if any person shall knowingly swear or affirm falsely as to any material facts, he shall be deemed guilty of perjury, and be punished accordingly." *Id.* sec. 1725.

"If the president or secretary of any such corporation shall neglect, fail or refuse to comply with the provisions of section 1715, and to perform the duties required of them respectively, the person or persons so neglecting, failing or refusing shall jointly and severally be liable to an action founded on this statute for all debts of such corporation contracted during the period of any such neglect or refusal, and shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not to exceed five hundred dollars, and each and every day such person or persons shall so neglect to comply with the provisions of said section 1715 or fail to refuse to perform said duties, shall constitute a separate offense. Act May 6, 1909." *Id.* sec. 1726.

It appears from the undisputed evidence that Kennedy was vice-president of the corporation, as well as secretary, and that in the absence of appellant Galloway, the president, he caused one of the employees of the corporation to prepare a statement of the affairs of the corporation in accordance with the terms of the statute, and signed the name of the president thereto and his own name, and delivered the same to a lady employed in the office of the county clerk, who was not, however, deputized by the clerk; but the statement was not verified by an affidavit of any of the officers of the corpora-

tion, or any other person. The statement so delivered at the clerk's office was not filed and was not noted on the record in the office, but the employee who received it put it away among the corporation papers in the office, and it was later discovered there by the clerk during the progress of the trial of this cause.

The sole question presented in this case is whether or not there was sufficient compliance with the statute by delivering at the clerk's office in this manner an unverified statement of the affairs of the corporation so as to avoid personal liability on the part of the president and secretary.

We are of the opinion that the statute was not complied with, and that liability of the officers exists under the statute. This conclusion is in accordance with the plain letter of the statute, which provides that the certificate "shall be made under oath or affirmation by the person subscribing the same," and that upon failure to perform the duty enjoined by the statute the president and secretary "shall jointly and severally be liable to an action founded on this statute for all debts of such corporation," etc. The certificate is incomplete without the affidavit; it is no certificate at all in a legal sense, and therefore the filing of an unverified certificate is tantamount to filing none at all. The purpose of the statute was to apprise persons dealing with the corporation of information as to its affairs, but actual lack of information on the part of a creditor is not essential to liability under this statute, which imposes the liability, regardless of the fact that the creditor may or may not have had actual information concerning the affairs of the corporation.

By failing to comply with the statute, the officers mentioned assumed legal liability for the debts of the corporation which accrued during the period of such default.

The statement delivered by appellants at the office of the county clerk was not accepted and filed as a valid certificate under the statute by the clerk or any deputy.

Of course, if the certificate had been in legal form, appellants would have discharged their full duty by delivering it at the clerk's office to some one in charge thereof, but before claiming immunity from liability they must show that the certificate was in form and substance in accordance with the requirements of the statute. Not having complied with the statute, appellants rendered themselves liable for the debt.

Judgment affirmed.