INTERSTATE JOBBING COMPANY *v.* VELVIN.

Opinion delivered July 14, 1924.

1. CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—LIABILITY.— Where the president and secretary of a business corporation failed to file the annual report required by Crawford & Moses' Dig., § 1715, they became personally liable for the debts of the corporation contracted during the year of their default, under § 1726, *Id.*

2. CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—LIABILITY.— Where the president and secretary of a corporation failed to

file the annual report during 1921, and hence were liable for its debts incurred during that year, their liability was not reduced by payments on account during the year which were applied by the creditor to earlier items.

. Appeal from Hempstead Circuit Court; *James H. McCollum,* Judge; reversed.

### STATEMENT OF FACTS.

Appellant brought this suit against appellees to enforce the statutory liability against them for failing to make their annual report as president and secretary of a corporation.

Appellant, Interstate Jobbing Company, is a domestic corporation, doing business at Little Rock, Arkansas, for the years 1919, 1920, 1921, and since that time. During the years 1919, 1920, and 1921, it sold to the Farmers' Mercantile Company, a domestic corporation, at Washington, Arkansas, merchandise to the amount of $2,882.70. Of this amount $493.40 was furnished during the year 1921. Payments on the account were made to the amount of $2,423.25. Of this amount $350 was paid by the Farmers' Mercantile Company during the year 1921. The Farmers' Mercantile Company was subsequently adjudged to be a bankrupt, and the appellant received a dividend from the bankrupt court in the sum of $51.05. The appellant filed an itemized account, duly verified, and attached the same to the complaint in this case, which was also duly verified. The itemized account showed a balance due the appellant of $459.45.

E. D. Velvin was president of the Farmers' Mercantile Company. from January 1, 1921, until December 1, 1921. R. L. Byers was secretary of the Farmers' Mercantile Company from the time of its organization until December 1, 1921. No report was filed by the president and secretary of the corporation for the year 1920, as required by § 1715 of Crawford & Moses' Digest. No report, as such officers of said corporation, was filed by E. D. Velvin and R. L. Byers from January 1, 1921, to December 1, 1921. The last item. of goods purchased by the Farmers' Mercantile Company from the Interstate

Jobbing Company was on September 12, 1921, and the last payment was on September 28, 1921.

There was a verdict and judgment in favor of appellees, and the case is here on appeal.

*E. F. McFaddin,* for appellant.

Instruction No. 1 was error. In the absence of an application of payments by the debtor, the law applies the payment in liquidation of the oldest item of the account. 91 Ark. 458, and cases cited; 30 Cyc. 1227; note 12 L. R. A. 712. The liability of the president and secretary for failure to file the report required by § 1715, C. & M. Digest, was primary and absolute. 90 Ark. 51; 68 Ark. 433; 78 Ark. 517. Instruction No. 11, which was requested by appellant and refused, states the law as set out in 124 Ark. 495. See also 68 Ark. 433; 75 Ark. 107; 90 Ark. 51; 96 Ark. 268; 92 Ark. 327; 111 Ark. 37; 123 Ark. 226.

HART, J., (after stating the facts). The first assignment of error is that the court erred in amending and giving as amended the following instructions:

"Under the laws of the State of Arkansas, it is the duty of the president and secretary of an Arkansas corporation to file in the office of the county clerk of the county in which the corporation is domiciled and carrying on business, an annual report, not later than February 15 or August 15 of each year, showing the condition of affairs of the corporation of which they are officers. And the law further provides that, should the president and secretary neglect or fail, whether intentionally or not, to file the said report, then by such failure the said president and secretary become jointly and severally liable for all debts contracted by the corporation after the date of the failure to file such annual report. And if you find in this case, from the preponderance or greater weight of the evidence, that the Farmers' Mercantile Company was an Arkansas corporation, domiciled and carrying on business in Hempstead County, Arkansas, and that E. D. Velvin and R. L. Byers were the president and secretary of the corporation, and failed to file the report required by law,

and that, after the date of the failure to file such report, the account sued on herein was contracted, then your verdict herein should be for the plaintiff, and against the defendants and each of them, for whatever amount of accounts, if any, you find were contracted by the Farmers' Mercantile Company with the plaintiff herein after the failure to file the report required by law, less whatever sum, if any, you may find from a preponderance of the evidence the Farmers' Mercantile Company paid to the plaintiff during 1921.''

The amendment consisted in adding the words, ''less whatever sum, if any, you may find from a preponderance of the evidence the Farmers' Mercantile Company paid to the plaintiff during the year 1921.''

In the first place, it may be stated that this suit is based upon the liability of the president and secretary of a corporation for its contract debts, under the provisions of § 1726 of Crawford & Moses' Digest, for failing to comply with the provisions of § 1715 of the Digest.   The debt sued on was a debt by contract, and the uncontradicted evidence showed that the officers of the corporation failed to file the annual report required of them by statute.   Hence their personal liability for the debt of the corporation contracted during the period of default was established.   *Taylor* v. *Dexter,* 126 Ark. 122, and *Galloway* v. *Stallings,* 154 Ark. 16.

No annual report, as required by § 1715 of the Digest, was filed by appellees as president and secretary of the corporation during the year 1921.   Merchandise to the amount of $493.40 was furnished to said corporation by appellant during that year.   Under the instructions of the court the payments for the year 1921 were allowed to be credited on the items purchased during that year.   This was wrong.   There was no application by the debtor of these payments to the goods purchased by the Farmers' Mercantile Company during the year 1921, and nothing to show that the credits were intended to be applied on these items, within the rule announced in *Terry* v. *Klein,* 133 Ark. 366.   Hence the appellant had

the right to apply the payments made in 1921 to the earlier items of the account. *Briggs* v. *Steele,* 91 Ark. 458, and cases cited, and *Snow* v. *Wood,* 163 Ark. 280.

It follows that the court erred in amending and giving as amended the instruction set out above. For that error the judgment must be reversed, and the cause will be remanded for a new trial.