SANDERS *v.* LOVELACE.

Opinion delivered March 15, 1926.

CORPORATIONS—FAILURE OF OFFICERS TO FILE ANNUAL REPORT.—Under §§ 1715, 1726, Crawford & Moses' Dig., fixing a primary and absolute liability upon the president and secretary of a corporation for all debts contracted by the corporation during the time they are in default in filing the annual report of the condition of the corporation's business, this liability accrues in favor of stockholders acquainted with the financial condition of the corporation who have extended credit to it.

Appeal from Clay Circuit Court, Eastern District; *G. E. Keck,* Judge; affirmed.

*Ward & Ward,* for appellant.

*Gautney & Dudley,* for appellee.

HUMPHREYS, J. Appellee, as administrator of the estate of S. C. Lovelace, deceased, brought this suit

against appellants in the circuit court of Clay County, Eastern District, to recover $1,642.25, with interest according to the tenor thereof, evidenced by certain notes which appellant executed to S. C. Lovelace for borrowed money in his lifetime. Appellants were respectively the president and secretary of the Greenway Milling Company, an Arkansas corporation, in 1923, when said company borrowed the money and executed said notes to S. C. Lovelace, and failed and neglected to file an annual report of said corporation at any time during the year 1923, in accordance with §§ 1715 and 1726 of Crawford & Moses' Digest. The case was based upon these sections of the statute.

Appellants denied liability because, prior to and at the time of the execution of the notes, S. C. Lovelace was a stockholder in the corporation and a participant in the annual meeting of the stockholders held on January 12, 1923, at which time the semi-annual report of the president and secretary of the corporation, containing the financial report thereof, was adopted and spread on the minutes of the meeting; and because the report was called for and examined by S. C. Lovelace before he made the loan to the corporation. A jury was waived, and the cause was decided by the court, which resulted in a judgment in favor of appellee for the amount of the notes and interest, from which is this appeal.

A reversal of the judgment is sought upon the ground that §§ 1715 and 1726 of Crawford & Moses' Digest do not apply to stockholders acquainted with the financial condition of a corporation who have extended credit to their corporation. The sections in question fix a primary and absolute liability upon the president and secretary of the corporation who fail to file a financial report of the condition of said corporation in the office of the county clerk where it is located, at designated times. *Jones* v. *Harris,* 90 Ark. 61; *Griffin* v. *Long,* 96 Ark. 268; *McDonald* v. *Mueller,* 123 Ark. 226. In construing these sections of the Digest, this court said in the case of *Gallo-*

*way* v. *Stallings,* 154 Ark. 16: "The purpose of the statute was to apprise persons dealing with the corporation of information as to its affairs, but actual lack of information on the part of a creditor is not essential to liability under this statute, which imposes the liability, regardless of the fact that the creditor may or may not have had actual information concerning the affairs of the corporation. By failing to comply with the statute, the officers mentioned assume legal liability for the debts of the corporation which accrued during the period of such default."

The undisputed evidence in the instant case reveals that the president and secretary of the Greenway Milling Company, who are the appellants herein, failed to file a report of the financial condition of said corporation at any time during the year 1923, which failure or default rendered them personally liable for all the indebtedness of the corporation created during the period of their default. The court did not err in rendering this judgment against them in favor of appellee.

The judgment is therefore affirmed.