INTERSTATE JOBBING COMPANY *v.* VELVIN.

Opinion delivered November 23, 1926.

1.  CORPORATIONS—LIABILITY OF OFFICERS—FAILURE TO MAKE REPORTS. —In an action to enforce the personal liability of the president of a private corporation for debts incurred during a year for which no financial report of the corporation had been filed, as required by Crawford & Moses' Dig., § 1715, a defense in the nature of a plea of payment of a portion of the account for which defendant would otherwise be liable *held* unavailable where there was no plea of payment.

2.  PAYMENT—PLEADING.—Where there is no plea of payment, proof thereof is inadmissible.

3.  CORPORATIONS—LIABILITY OF OFFICER—EVIDENCE.—In an action to enforce the personal liability of the president of a private corporation for debts incurred during a year for which no financial report of the corporation had been filed, where plaintiff, entitled to a reversal, asked that judgment be rendered in the Supreme Court for what in any event would be the minimum amount for which it is entitled to judgment, *held* that plaintiff in any event would be entitled to the difference between purchases and payments made during such year.

Appeal from Hempstead Circuit Court; *James H. McCollum,* Judge; reversed.

*E. F. McFaddin,* for appellant.

SMITH, J. This is the second appeal in this case, and, in the opinion reported on the former appeal, which appears in 165 Ark. 263, will be found a statement of the facts out of which the litigation arose. The suit was brought by the Interstate Jobbing Company to enforce against appellee, as president of the Farmers' Mercantile Company, a domestic corporation, the liability prescribed by § 1715, C. & M. Digest, for failure to file the annual corporate report required by that section.

Defendant Velvin became president of the corporation on January 1, 1921, and was president thereof during the remainder of that year. The corporation was indebted to appellant, the plaintiff below, on January 1, 1921, in the sum of $367.10, and, during that year, bought more goods amounting to $471.75, and made payments on account during that year amounting to $350.

At the first trial plaintiff asked an instruction which, after defining the duty of certain corporate officers to file reports, directed the jury, if this duty had not been performed, to return a verdict for it "for whatever amount of accounts, if any, you find were contracted by the Farmers' Mercantile Company with the plaintiff herein, after the failure to file the report required by law." The court modified this instruction by adding "less whatever sum, if any, you may find, from a preponderance of the evidence, the Farmers' Mercantile Company paid to the plaintiff during the year 1921."

The instruction was modified on the theory that payments made in 1921 should be credited on the items purchased during that year, although there had been no application by the debtor of these payments to the items purchased during that year. We held this modification was erroneous, for the reason that, the debtor having failed to direct the application of the payments, the creditor had the right to apply the payments to the older items of the account, as had been done in the account sued on.

The cause was remanded for a new trial, but there was no amendment of the pleadings; and the answer upon which the case went to trial contained only a general denial of the allegations of the complaint. After the jury had been impaneled to try the case and the plaintiff had made a statement of the case, counsel for defendant, in stating his defense, said that an agreement had been made between the secretary of the Farmers' Mercantile Company and the plaintiff whereby any payments made in 1921 should be applied to any purchases made during that year. Thereupon counsel for plaintiff objected to the statement, for the reason that the answer had set up no such defense, and, when this objection was overruled, a continuance was then asked upon the ground of surprise, which motion was also overruled, to which action plaintiff duly excepted. Thereafter, by appropriate objections, both to the admission of testimony and to the giving of instructions, plaintiff preserved its exceptions to the submission of this special plea to the jury.

It appears therefore that, at the first trial, the defendant sought to have the payments made by the corporation in 1921 credited to the 1921 purchases, as a matter of law, without alleging or attempting to prove any agreement or direction to that effect; while at the second trial defendant asked that this be done because of an agreement to that effect.

It will be remembered that, although the suit was commenced in 1922 and had been pending in court for several years, the answer contained no reference to this agreement, and we are therefore of the opinion that the court should have denied defendant the right to present this special plea under the circumstances, or, having granted this right, should, by continuing the case, upon such terms as were thought proper, have afforded plaintiff an opportunity to meet the plea.

This new defense was in the nature of a plea of payment of a portion of the account, for which defendant would otherwise be liable, and it is a rule of pleading well settled by the decisions of this court that, where

there is no plea of payment, proof thereof is inadmissible. *Robinson* v. *Woodson,* 33 Ark. 307.   In the case of *Jarvis* v. *Andrews,* 80 Ark. 277, 96 S. W. 1064, it was held that evidence tending to prove payment of the note in suit was properly excluded in the absence of a plea of payment. See also *Hays* v. *Dickey,* 67 Ark. 169, 172, 53 S. W. 887. Cases cited in the notes to 30 Cyc. 1253 and 21 R. C. L., pages 115 and 117, show that this rule is one of general application.

The case must therefore be reversed, and would be remanded except that appellant asks that judgment be rendered here for what, in any event, would be the minimum amount for which it is entitled to judgment.

It appears from the undisputed evidence that payments and purchases were made in 1921 as follows:

| | | |
|---|---:|---:|
| Jan. 11, payment | $ 75.00 | |
| Jan. 31, purchase | | $21.25 |
| Feb. 11, payment | 100.00 | |
| Mar. 7, purchase | | 38.00 |
| Mar. 15, payment | 50.00 | |
| June 15, payment | 50.00 | |
| Aug. 16, payment | 50.00 | |
| Sept. 21, purchase | | 128.25 |
| Sept. 21, purchase | | 230.25 |
| Sept. 28, payment | 25.00 | |
| | | |
| Total payments | $350.00 | |
| Total purchases | | $417.75 |

It thus appears that purchases exceeded payments by $67.75, and plaintiff is entitled to judgment for this amount in any event, as it is an undisputed fact that defendant had made default in complying with § 1715, C. & M. Digest.

Appellant argues that, as there were payments made in 1921 which exceeded the purchases that had been made during that year up to the time of payments, the excess of those payments should, automatically and immediately, be credited to the older items of the account. And so they would be if there were no agreement to the contrary.

But we cannot say that the undisputed testimony author-izes that action, so that plaintiff is entitled only, under the undisputed evidence, to a judgment for the difference between purchases and payments made in 1921.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial, unless appellant elects to have judgment rendered here in its favor for $67.75.