WYSINGER *v.* TAYLOR.

Opinion delivered July 2, 1928.

**858**

*Pat McNalley* and *Jordan Sellers*, for appellant.

*Joe Joiner*, for appellee.

KIRBY, J.   Appellant contends that the foreclosure and sale of the lot in controversy, under the deed of trust from the church to Pinson, grantor in her bond for title, to whom the purchase price of the lot had been fully paid, conveyed an equitable title to her in possession, which was superior to any right of appellees to redeem, notwithstanding the substitute trustee's name was not indorsed upon the deed of trust or the record of it in accordance with its terms.

Appellant was in possession of the lot, claiming to be the owner thereof, and had been since January 1, 1912, under the bond for title executed by Pinson, the beneficiary in the deed of trust, to whom she claims the lot had been turned over in settlement of the church's indebtedness to him.   The testimony shows that she had been in possession of this lot continuously from the time of its purchase from Pinson until the bringing of this suit, and had paid all the agreed purchase price therefor, and was holding same under a trustee's deed regular on its face and sufficient to establish her title to the lot and to have the same quieted in her but for the attack made thereon and proof of its invalidity because of the sale having been made and the deed executed by a substituted trustee, whose name had not been indorsd on the trust deed or record of it in accordance with its terms.

The foreclosure and sale by the substitute trustee, after appraisement and advertisement duly made in accordance with the terms of the trust deed, for more than two-thirds of the amount of the appraisement, to Pinson for appellee, and the conveyance thereof, vested in her an equitable title, the purchase money having been paid, notwithstanding the trustee's deed was void because the appointment of the substitute trustee was not in writing.   In *Daniel* v. *Garner*, 71 Ark. 484, 76 S.

W. 1063, a case where it was contended the sale made under the deed of trust was void because the appointment of the trustee who made it was not in writing, the court said, quoting syllabus:

"Where a sale by a substituted trustee was in accordance with the law and the terms of the trust deed, it vested in the purchaser an equitable title upon the payment of the purchase money, although the trustee's deed was void because the appointment of such trustee was not in writing." The court held there that, if the sale was in accordance with law and the deed of trust, it vested in the purchaser an equitable title, although no deed was made, and that such defense was both legal and equitable, and, if maintained, sufficient to defeat the action.

In *Arkansas Insurance Co.* v. *McManus*, 86 Ark. 120, 110 S. W. 798, the court said: "The equitable title, coupled with actual possession, bears with it all the incidents of legal title. This constitutes in effect the legal title for all practical purposes. Under such a title, the possessor may defend his possession at law as well as in equity."

It is true that was a case involving the construction of an insurance policy, wherein it was stated that the interest of the insured must be "unconditional and sole ownership, both legal and equitable," but appellees herein would have had no right under the terms of the deed of trust, under which this foreclosure and sale was attempted to be made, if in fact it had been made by the trustee designated therein, or had the name of the substitute trustee been indorsed thereon in accordance with its terms, since the purchaser at the sale was in possession of the lot, had paid the full purchase price thereof at the foreclosure sale, and would have acquired the legal title to the lot upon the conveyance thereof, except for the failure of the name of the substitute trustee to be indorsed upon the trust deed. She would, nevertheless, acquire the equitable title thereto, against which appellees have no more right to redeem from than

they would have had if the foreclosure had been regularly had and a conveyance made by the trustee named in the deed or the substitute trustee regularly indorsed thereon.

Appellant being in the actual possession of the lot, with the equitable title thereto, was entitled to have her title quieted as against appellees, who were without right to redeem from the attempted foreclosure at the time of the bringing of the suit, and the court erred in holdholding otherwise. The decree is accordingly reversed, and the cause remanded with directions to quiet the title to the lot in controversy in appellant in accordance with the prayer of her cross-complaint.